# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., *Plaintiffs*, v. JULIE MOORE, et al., *Defendants*, and NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION, *Proposed Defendant-Intervenors.* | No. 24-cv-1513 (MKL) |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO INTERVENE AND FOR LEAVE TO
DEFER FILING A RESPONSIVE PLEADING**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

I.     Movants do not need to show that the State's representation is inadequate ............................................................................................................. 1

II.    Movants merit permissive intervention under Rule 24(b) ..................................... 3

      A.     Movants' intervention will not cause undue delay or prejudice ................................................................................................ 3

      B.     Movants have a substantial and unique interest in defending the Act ..................................................................................................... 5

      C.     Movants will contribute to the just and equitable adjudication of the case ......................................................................... 8

      D.     Movants should be permitted to participate as defendant-intervenors, not merely amici curiae ................................................... 10

CONCLUSION .................................................................................................................. 10

i

## TABLE OF AUTHORITIES

### Cases

*335-7 LLC v. City of New York*,
    No. 20 Civ. 1053 (ER), 2020 WL 3100085 (S.D.N.Y. June 11, 2020) ..................... 5, 8, 10

*Allen v. Dairy Farmers of Am., Inc.*,
    No. 5:09-cv-230 (CR), 2015 WL 4758255 (D. Vt. Aug. 11, 2015) .................................... 3

*Ass'n of Conn. Lobbyists LLC v. Garfield*,
    241 F.R.D. 100 (D. Conn. 2007) ...................................................................................... 8, 9

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*,
    No. 19-cv-11285 (KMK), 2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020) ..................... 2, 5

*Campaign Legal Ctr. v. Fed. Election Comm'n*,
    952 F.3d 352 (D.C. Cir. 2020) ............................................................................................. 8

*Comcast of Conn. v. Vt. Pub. Util. Comm'n*,
    No. 5:17-cv-161, 2018 WL 11469513 (D. Vt. Feb. 8, 2018) ............................................. 2

*Commack Self-Serv. Kosher Meats, Inc. v. Rubin*,
    170 F.R.D. 93 (E.D.N.Y. 1996) ...................................................................................... 8, 9

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001) .................................................................................................. 4

*Entergy Nuclear Vermont Yankee, LLC v. Shumlin*,
    No. 1:11-CV-99-JGM, 2011 WL 2173785 (D. Vt. June 2, 2011) ................................. 4, 5

*Floyd v. City of New York*,
    770 F.3d 1051 (2d Cir. 2014) .............................................................................................. 2

*Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*,
    No. 2:05-cv-302, 2006 WL 8567240 (D. Vt. May 3, 2006) ....................................... 5, 8, 9

*Green v. Biden*,
    No. 24-CV-1975 (MKB), 2024 WL 4932751 (E.D.N.Y. Dec. 2, 2024) ......................... 2, 8

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
    797 F.2d 85 (2d Cir. 1986) .............................................................................................. 2, 3

*Hum. Servs. Council of N.Y. v. City of New York*,
    No. 21 Civ. 11149 (PGG), 2022 WL 4585815 (S.D.N.Y. Sept. 29, 2022) ..................... 7, 9

*In re Bank of N.Y. Derivative Litig.*,
    320 F.3d 291 (2d Cir. 2003) ................................................................................................ 2

*Jama v. Immigr. & Customs Enf't*,
    543 U.S. 335 (2005) .................................................................................................. 2

*Miller v. Silbermann*,
    832 F. Supp. 663 (S.D.N.Y. 1993) ............................................................................ 8

*Nat. Res. Def. Council, Inc. v. U.S. Env't Prot. Agency*,
    961 F.3d 160 (2d Cir. 2020) ..................................................................................... 7

*New York v. Scalia*, No. 1:20-CV-1689 (GHW),
    2020 WL 3498755 (S.D.N.Y. June 29, 2020) .................................................... 3, 10

*New York v. U.S. Dep't of Health & Hum. Servs.*,
    No. 19 Civ. 4676 (PAE), 2019 WL 3531960 (S.D.N.Y. Aug. 2, 2019) ............. 6, 10

*Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*,
    No. 17-cv-0957 (ADS), 2017 WL 6459464 (E.D.N.Y. Dec. 15, 2017) .................... 3

*Salazar v. Nat'l Basketball Ass'n*,
    118 F.4th 533 (2d Cir. 2024) .................................................................................... 2

*Spangler v. Pasadena City Bd. of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) .................................................................................. 3

*U.S. Postal Serv. v. Brennan*,
    579 F.2d 188 (2d Cir. 1978) ..................................................................................... 2

*United States v. N.Y.C. Hous. Auth.*,
    326 F.R.D. 411 (S.D.N.Y. 2018) .............................................................................. 3

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir. 1994) ......................................................................................... 5

*Vt. All. for Ethical Healthcare, Inc. v. Hoser*,
    No. 5:16-cv-205, 2016 WL 7015717 (D. Vt. Dec. 1, 2016) ................................. 6, 8

## Statutes

2024 Vt. Acts & Resolves No. 122 § 7 ................................................................................ 4

Vt. Stat. Ann. tit. 10, § 596(2) ............................................................................................ 6

Vt. Stat. Ann. tit. 10, § 599(a) ............................................................................................ 6

Vt. Stat. Ann. tit. 10, § 599a ............................................................................................... 7

Vt. Stat. Ann. tit. 10, § 599c ............................................................................................... 7

iv

**Other Authorities**

Fed. R. Civ. P. 24 ............................................................................................................ 1

## INTRODUCTION

Plaintiffs do not dispute that Movants meet the core requirements for permissive intervention under Rule 24(b): they filed a timely motion and their defense shares common questions of law with the main action. *See* Fed. R. Civ. P. 24(b)(1); Pls.' Resp. Opp. Mot. Intervene 3, ECF No. 24 ("Pls.' Opp."). Instead, Plaintiffs spend the bulk of their opposition arguing that Movants must, but have not, establish that Defendants' representation is inadequate. *See* Pls.' Opp. 3-10. But that is not the case: while courts *may* deny permissive intervention on the basis of adequate representation, they are not bound to do so. Accordingly, courts in this Circuit frequently grant permissive intervention without a showing of inadequacy, particularly where, as here, intervenors have a substantial interest in the case and will contribute to its equitable adjudication.

Plaintiffs' remaining arguments fare no better. Movants' intervention will not cause undue delay or prejudice. They and their members—organizations and individuals with deep expertise in and personal experience with climate harm and climate adaptation—have a distinct and non-speculative interest in defending Vermont's Climate Superfund Act ("the Act"). And given their firsthand experience, track record of advocacy for the Act, and relevant expertise, their participation will contribute to the adjudication of this matter. This Court should permit Movants to intervene.

## ARGUMENT

**I.     Movants do not need to show that the State's representation is inadequate**

Movants need not establish that the State's representation is inadequate to merit permissive intervention. *Contra* Pls.' Opp. 3-4. Unlike Rule 24(a), Rule 24(b)'s plain text includes no inadequacy requirement. *Compare* Fed. R. Civ. P. 24(a)(2), *with id.* 24(b)(1), (3). Engrafting Rule 24(a)'s requirements onto Rule 24(b) would strip Rule 24(b) of independent

1

meaning. *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 547 (2d Cir. 2024) (courts do not "lightly assume that Congress" omits a requirement from statutory text, especially when it has explicitly included that requirement "elsewhere in the same statute" (quoting *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005))).

No Second Circuit case holds that permissive intervention must be denied if party representation is adequate. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam), where adequacy was not at issue, states only that "failure to satisfy one of the four 'requirements'" for intervention as of right "is a 'sufficient' ground to deny intervention." *Comcast of Conn. v. Vt. Pub. Util. Comm'n*, No. 5:17-cv-161, 2018 WL 11469513, at *4 (D. Vt. Feb. 8, 2018). While courts consider "[s]ubstantially the same factors" under Rule 24(b) and Rule 24(a), *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003), these are simply "relevant factors," *see H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986), guiding the court's "wholly discretionary" determination of permissive intervention, *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

The numerous post-*Floyd* district court cases allowing permissive intervention without a showing of inadequate party representation correctly follow this Second Circuit precedent. *See* Mem. Supp. Mot. Intervene 13, ECF No. 19-1 ("Intervention Mem."); *see also, e.g.*, *Green v. Biden*, No. 24-CV-1975 (MKB), 2024 WL 4932751, at *7 (E.D.N.Y. Dec. 2, 2024) (Second Circuit "district courts routinely grant permissive intervention to applicants even in cases where the court has found that the existing party adequately represents the proposed intervenor's interest"); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-cv-11285 (KMK), 2020 WL 5658703, at *12 (S.D.N.Y. Sept. 23, 2020) (collecting cases recognizing that inadequacy of representation is not a requirement for permissive intervention);

2

*New York v. Scalia*, No. 1:20-CV-1689 (GHW), 2020 WL 3498755, at *2-5 (S.D.N.Y. June 29, 2020) (denying intervention of right where proposed intervenors failed to establish inadequate representation, but nevertheless granting permissive intervention); *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418-19 (S.D.N.Y. 2018) (same); *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, No. 17-cv-0957 (ADS), 2017 WL 6459464, at *12-13 (E.D.N.Y. Dec. 15, 2017) (same); *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230 (CR), 2015 WL 4758255, at *6-7 (D. Vt. Aug. 11, 2015) (same).

Plaintiffs purport to distinguish the cases Movants cited, Pls.' Opp. 9-10, but those distinctions have no bearing on the cases' fundamental proposition: courts may, and do, grant permissive intervention even when a government defendant will adequately defend a law.

**II.    Movants merit permissive intervention under Rule 24(b)**

All other relevant factors favor intervention here: Movants will not cause undue delay or prejudice, they have unique and genuine interests in this matter, and they will "significantly contribute" to "the just and equitable adjudication of the legal questions presented." *H.L. Hayden* 797 F.2d at 89 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

**A.    Movants' intervention will not cause undue delay or prejudice**

As Plaintiffs concede, Movants timely sought intervention. Defendants have an interest in the efficient and equitable resolution of this matter, and support intervention. *See* Mot. Intervene, ECF No. 19. And this case is in its early stages: Plaintiffs served Defendants in late February, Defendants' responsive pleading is not due until May 19, and briefing on initial motions will not conclude until September. ECF Nos. 7, 8, 18. Permitting Movants to file their responsive pleading two weeks into a months-long briefing schedule will not cause meaningful delay. And following their initial responsive pleading, Movants are amenable to fitting into the current

briefing schedule and filing simultaneously with Defendants. In any event, the briefing schedule is likely to be adjusted: Movants understand that a group of states intends to seek intervention as plaintiffs and that one or more parties anticipate seeking leave to adjust the briefing schedule after the Court rules on the motions to intervene.

Plaintiffs' purported interest in an expedited adjudication, Pls.' Opp. 11, is belied by their actions. They waited nearly six months after the Act became law to file their complaint and waited an additional two months to serve Defendants. *See* 2024 Vt. Acts & Resolves No. 122 § 7; ECF Nos. 1, 7, 8. The authority Plaintiffs rely on is readily distinguishable. In *D'Amato v. Deutsche Bank*, intervenors sought to intervene more than a year after the complaint was filed and just three days before a hearing on the adequacy of the parties' settlement—a stark contrast to the very early stages of this litigation. 236 F.3d 78, 84 (2d Cir. 2001). And in *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, plaintiffs moved for a preliminary injunction and the court accordingly approved an "expedited" schedule. No. 1:11-CV-99-JGM, 2011 WL 2173785, at *4-5 (D. Vt. June 2, 2011). Plaintiffs have taken no such action to expedite this case.

Movants are committed to avoiding duplication and cooperating with the parties to advance efficiency.[1] Indeed, American Petroleum Institute—a routine intervenor itself—frequently asserts in successful motions to intervene that permissive intervention in "primarily legal dispute[s]" will not cause any prejudice. *See*, *e.g.*, Mot. Am. Petroleum Inst. Leave Intervene as Def. at 11, *WildEarth Guardians v. Jewell*, No. 16-cv-1724 (RC), 2016 WL 11720188 (D.D.C. Nov. 23, 2016), 2016 WL 11720531, ECF No. 17; Mot. Am. Petroleum Inst.

---

[1] Plaintiffs argue that because Movants submitted exhibits with their motion to intervene, they will burden the Court. Pls.' Opp. 11. Those exhibits—declarations from Movants and their members and publicly available reports and news articles about the need for climate adaptation in Vermont—are directly relevant to Movants' interest in the Act. *See generally* ECF Nos. 19-4 to 19-12. Movants submitted the public sources as pdf documents for the Court's convenience.

Leave Intervene as Def. at 14, *Healthy Gulf v. Haaland*, No. 1:23-cv-00604-APM (D.D.C. Apr. 21, 2023), ECF No. 40. Because there will be no undue delay or prejudice here, the court's "principal guide" in exercising its discretion supports intervention. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994).

### B. Movants have a substantial and unique interest in defending the Act

Movants' interests are not "identical to [those of all] Vermonters." *Contra* Pls.' Opp. 4 (quoting *Entergy*, 2011 WL 2173785, at *3). Northeast Organic Farming Association of Vermont (NOFA Vermont) and Conservation Law Foundation (CLF) are nonprofit organizations with significant "first-hand experience" with climate harm and climate adaptation in Vermont. *See 335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER), 2020 WL 3100085, at *2-3 (S.D.N.Y. June 11, 2020) (granting permissive intervention); Intervention Mem. 4-5. NOFA Vermont runs a climate resilience grant program for Vermont farmers and raised emergency funds for farmers following the floods of July 2023 and July 2024. Declaration of Grace Oedel ¶¶ 1-2, 13, ECF No. 19-5. In addition to working for decades to promote climate solutions in Vermont and the rest of New England, CLF advocated extensively for the Act's passage—testifying before multiple legislative committees and leveraging its expertise to help lawmakers craft the statute—and continues to track and support its implementation. Declaration of Kate Sinding Daly ¶¶ 3-5, 8-9, ECF No. 19-7; *see Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 2:05-cv-302, 2006 WL 8567240, at *4 (D. Vt. May 3, 2006) (intervenors have "an interest in the validity of [a statute] they worked to have adopted"); *Bldg. & Realty Inst.*, 2020 WL 5658703, at *11 (similar).

Nor are Movants' members' interests identical to those of all Vermonters. Their members include nearly all of Vermont's organic farms; a leader of the business community in Montpelier, a city ravaged by climate disaster; a town selectman in a rural community devastated by

5

flooding; a physician with expertise in climate change and health; and more. *See* ECF Nos. 19-5 to 19-12. While these members are divided by geography and occupation, they are united by their experience with climate harm and climate adaptation. And they have borne financial and other burdens of adapting to prevent future climate harms in the face of inadequate state and federal resources. *See* Intervention Mem. 7-10. They thus have "strong interests in the ways in which the [Act] . . . [is] enforced in Vermont" and a "genuine" stake in defending it. *See Vt. All. for Ethical Healthcare, Inc. v. Hoser*, No. 5:16-cv-205, 2016 WL 7015717, at *2 (D. Vt. Dec. 1, 2016).

Movants' interest in defending the Act is not speculative. *Contra* Pls.' Opp. 6-7. Contrary to Plaintiffs' characterization, the Act contemplates projects that will benefit individuals and businesses as well as the general public. It is intended to fund projects that "assist human and natural communities, households, and businesses in preparing for future climate-change-driven disruptions," and may fund a wide range of projects, including weatherization upgrades to private property, home buyouts, and projects to address crop loss and other climate threats to farms. Vt. Stat. Ann. tit. 10, §§ 596(2), 599(a). Movants and their members are thus squarely among those the Act is designed to "protect[]." *See New York v. U.S. Dep't of Health & Hum. Servs.*, No. 19 Civ. 4676 (PAE), 2019 WL 3531960, at *4 (S.D.N.Y. Aug. 2, 2019).

True, there is no guarantee Movants will directly benefit from the Act, but Rule 24(b) requires no such showing.[2] If Plaintiffs succeed and the Act is struck down, Movants will have *no* chance of protection from the Act. What's more, without the Act, the burden of climate adaptation in Vermont will continue to fall heavily on Movants and their members. Intervention

---

[2] Plaintiffs do not dispute that Movants need not establish standing. *See* Pls.' Opp. 3; Intervention Mem. 5 n.1.

Mem. 8-10. Movants have a compelling and particular interest in defending the Act to ensure that responsible parties under the Act share this burden.

Movants' interest is also broader than just the Act's "enforcement." *Contra* Pls.' Opp. 4-5. Plaintiffs seek to enjoin the entire Act now, before the State has gone through the years-long administrative process required before any cost demands are served or projects are funded. This process includes multiple steps important to Movants. For example, the Act requires a Resilience Implementation Strategy that, among other things, identifies and prioritizes climate adaptation projects. Vt. Stat. Ann. tit. 10, § 599a(b)(3). In crafting this strategy, the State must consult with "stakeholders, including . . . businesses, environmental advocates, [and] relevant subject area experts." *Id*. § 599a(c)(5). The Act thus provides Movants with a unique and valuable opportunity to engage with the State about climate adaptation, share their relevant expertise, and advocate for the State to prioritize certain projects. Movants have an interest in preserving that opportunity. *Accord Hum. Servs. Council of N.Y. v. City of New York*, No. 21 Civ. 11149 (PGG), 2022 WL 4585815, at *4 (S.D.N.Y. Sept. 29, 2022) (labor union had interest in law giving it the right to submit complaints about labor law violations).

Movants also have an interest in seeing the State Treasurer complete its required report to the legislature on the cost to Vermont from covered greenhouse gas emissions. Vt. Stat. Ann. tit. 10, § 599c. That report will provide valuable information about the future costs from climate harm and the cost of climate adaptation to mitigate that harm—information Movants could use for their own advocacy and planning. *Cf. Nat. Res. Def. Council, Inc. v. U.S. Env't Prot. Agency*, 961 F.3d 160, 168 (2d Cir. 2020) (for standing purposes, "a denial of access to information qualifies as an injury in fact where a statute . . . requires that the information be publicly

7

disclosed" and the information would benefit the injured party's advocacy efforts (quoting *Campaign Legal Ctr. v. Fed. Election Comm'n*, 952 F.3d 352, 356 (D.C. Cir. 2020))).

### C. Movants will contribute to the just and equitable adjudication of the case

Movants are "well-positioned to contribute a robust perspective on . . . [the] legal issues in this case." *See Green*, 2024 WL 4932751, at *6; *see also* Intervention Mem. 11-12. Defendants' support of intervention further suggests that Movants' involvement can benefit the Court. *See Green Mountain Chrysler*, 2006 WL 8567240, at *5.

Movants' "unique" and "personal" perspective, *see Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007), will "assist the court in addressing the constitutional issues," *see Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 106 (E.D.N.Y. 1996); *see also Miller v. Silbermann*, 832 F. Supp. 663, 674 (S.D.N.Y. 1993) (intervenors' "knowledge and concern[] will greatly contribute to the Court's understanding of th[e] case"). So will their deep familiarity with the Act and its legislative history. Their "specialized expertise and substantial familiarity with the legal issues," *Garfield*, 241 F.R.D. at 103, and "viewpoint and knowledge of the underlying circumstances [will] assist the court," *335-7 LLC*, 2020 WL 3100085, at *3; *see also, e.g.*, *Vt. All. for Ethical Healthcare, Inc*, 2016 WL 7015717, at *2 ("welcom[ing] . . . advice and expertise" of intervenors with "considerable experience in the field").

In addition, Movants share counsel with organizations who recently moved to intervene in defense of New York's Climate Change Superfund Act, litigation involving a similar statute and closely related legal issues. *See* Notice Mot. Intervene, *West Virginia v. James*, No. 1:25-cv-00168-BKS-DJS (N.D.N.Y. Apr. 11, 2025), ECF No. 130. While Plaintiffs contend that this case can be resolved on purely legal issues, Pls.' Opp. 4, their complaint is littered with assertions of fact, including in Count I, the subject of Plaintiffs' anticipated motion for summary judgment.

8

*See, e.g.*, Compl. ¶¶ 102 (asserting that the Act "will likely negatively affect energy production and could increase energy costs"), 95 (asserting that assessments under the Act could "upset trade with foreign countries"), ECF No. 1. If Plaintiffs' complaint survives a motion to dismiss and fact discovery becomes appropriate, counsel's participation in both cases will be helpful to the Court, including on potential discovery coordination between the two matters. *See Green Mountain Chrysler*, 2006 WL 8567240, at *5 (noting that movants could helpfully share "first-hand knowledge of the legal and factual developments" in a related case).[3]

Even in the likely event that this case can be resolved on purely legal issues, that does not negate Movants' anticipated contributions. *Contra* Pls.' Opp. 4. District courts in this circuit routinely allow permissive intervention in primarily legal cases. *See, e.g.*, *Hum. Servs. Council*, 2022 WL 4585815, at *1, *5 (case raising constitutional and preemption claims); *Green Mountain Chrysler*, 2006 WL 8567240, at *1, *5 (case raising preemption claims); *Garfield*, 241 F.R.D. at 101, 103-04 (case involving facial constitutionality of law). Indeed, Plaintiffs themselves have successfully sought permissive intervention in primarily legal matters, on the basis that their participation will benefit the court. *See*, *e.g.*, Mem. Supp. Mot. Intervene by Am. Gas Ass'n, Am. Petroleum Inst. et al. at 28, *N. Plains Res. Council v. U.S. Army Corps of Eng'rs*, No. CV-19-44-GF-BMM, 2019 WL 5818061 (D. Mont. Nov. 7, 2019), ECF No. 49 (American Petroleum Institute's "unique perspective" and "longstanding involvement" in relevant issues would benefit the court); Mem. Law Supp. Mot. Intervene by Int'l Franchise Ass'n, Chamber of Commerce et al. at 19-20*, Scalia*, 2020 WL 3498755, 2020 WL 7094466,

---

[3] *See also, e.g.*, *Garfield*, 241 F.R.D. at 103 (intervenors offered a "highly relevant factual perspective"); *Commack*, 170 F.R.D. at 106 (intervenors will "contribute relevant factual variations"); *Hum. Servs. Council*, 2022 WL 4585815, at *5 (intervenors' "firsthand knowledge" of relevant issues "may lead to a more complete factual record")*.*

2:24-cv-01513-mkl    Document 25    Filed 04/28/25    Page 15 of 16

ECF No. 78 (the Chamber's "expertise" and "diverse business interests . . . will benefit the Court and assist it in addressing the primary questions in this lawsuit").

### D. Movants should be permitted to participate as defendant-intervenors, not merely amici curiae

Plaintiffs' argument that Movants should be limited to amici status, Pls.' Opp. 12, is self-defeating because any alleged burdens of intervention would also be present with amicus participation. Courts have repeatedly found that "Plaintiffs cannot claim an appreciable burden from having to respond to Proposed Intervenors' legal arguments, whose submissions as *amicus curiae* the Court otherwise undoubtedly would have received." *335-7 LLC*, 2020 WL 3100085, at *4; *see also*, *e.g.*, *Scalia,* 2020 WL 3498755, at *5 (same); *New York*, 2019 WL 3531960, at *7 (same). Amici status is also a poor fit for Movants, whose interest is not limited to a single phase of this litigation or a single issue. Their interest in defending the Act is genuine and deep, and their experience and expertise will assist the Court over the entire litigation. And in the event discovery becomes necessary, only intervenor status would permit Movants to assist the State with discovery and coordinate between this case and the New York case.

### CONCLUSION

For the foregoing reasons, the Court should grant Movants' motion for permissive intervention and for leave to defer filing a responsive pleading.

Dated: April 28, 2025                              Respectfully submitted,

*/s/ Bridget Asay*
Bridget Asay
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4285
basay@stris.com

10

Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4465
mdonofrio@stris.com

*Counsel for Northeast Organic Farming Association of Vermont*

/s/ *Adeline S. Rolnick*
Adeline S. Rolnick
Natural Resources Defense Council, Inc.
1152 15th Street Suite 300
Washington, DC 20005
Telephone: (202) 513-6240
arolnick@nrdc.org

Mitchell S. Bernard
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Telephone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming Association of Vermont and Conservation Law Foundation*

/s/ *Elena M. Mihaly*
Elena M. Mihaly
Conservation Law Foundation, Inc.
15 East State Street, Ste. 4
Montpelier, VT 05602
Telephone: (802) 622-3012
emihaly@clf.org

*Counsel for Conservation Law Foundation*