## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA and
AMERICAN PETROLEUM INSTITUTE,

*Plaintiffs*,

and

WEST VIRGINIA, et al.,

*Proposed Intervenor-Plaintiffs*,

v.

JULIE MOORE, in her official capacity as the
Secretary of the Vermont Agency of Natural
Resources, and JANE LAZORCHAK, in her
official capacity as the Director of the
Vermont Agency of Natural Resources
Climate Action Office,

*Defendants*.

CASE NO. 2:24-cv-1513-mkl

## PROPOSED INTERVENOR STATES' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR UNOPPOSED MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(a) allows a person or entity to intervene when it "claims

an interest relating to the property or transaction that is the subject of the action, and is so situated

that disposing of the action may as a practical matter impair or impede the movant's ability to

protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a).

The 24 Proposed Intervenor States meet this standard.

The Climate Superfund Act is a direct attack on the equal sovereignty of the 24 Proposed

Intervenor States. Aside from this legally cognizable injury, the Act also inflicts a pecuniary harm

on the Proposed Intervenor States by reducing their tax revenue, hiking fossil-fuel prices on their

residents, and weakening their economies. So if the Climate Superfund Act is allowed to stand, 24

Proposed Intervenor States will have their interests impaired "as a practical matter." *Id.* And although the Chamber of Commerce and American Petroleum Institute have a strong interest in protecting their own financial interests, Proposed Intervenor States, as guardians of the public trust, have additional interests that private parties will not adequately represent.

Proposed Intervenor States have conferred with counsel for Plaintiffs and Defendants. All parties have stated that they do not oppose this motion.

## STATEMENT OF FACTS

Vermont's "Climate Superfund Act," S.259 § 7 (2024), seeks to impose strict liability on fossil-fuel companies for their past lawful drilling and refining activities, including those undertaken in Proposed Intervenor States' jurisdictions. Any entity that Vermont deems "[r]esponsible" for "one billion metric tons" of carbondioxide emissions between the years 1995 and 2024 must pay a pro-rata share of the money damages that climate change has purportedly caused in Vermont, as determined by state officials. *Id.* § 596(22).

The Chamber of Commerce and the American Petroleum Institute, both of whom have members of their organizations who may be forced to pay billions of dollars under this law, sued on December 30, 2024, alleging that the Climate Superfund Act violated the Constitution and was preempted by federal law. Compl., Doc. 1. Defendants are Julie Moore, who is the Secretary of the Vermont Agency of Natural Resources and Jane Lazorchak, who is the Director of the Vermont Agency of Natural Resources Climate Action Office. Both are responsible for administering the Act and are sued in their official capacities.

Defendants were served on February 26, 2025. Summons, Docs. 7–8. On March 19, 2025, the parties filed a joint motion to extend the deadline to file a motion to dismiss and set a briefing schedule. Doc. 17. Defendants' motion to dismiss is now due on May 19, 2025. Am. Scheduling

Order, Doc. 18 (Mar. 20, 2025). As of today, no substantive filings (other than the Complaint) have been filed.

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a), a court "must permit anyone to intervene who" (1) makes a timely motion to intervene, (2) has an "interest relating to the property or transaction that is the subject of the action" that "may as a practical matter" be "impair[ed] or impede[d]" by the disposition of the action, and (3) shows that he is not "adequately represent[ed]" by "existing parties." FED. R. CIV. P. 24(a). Here, Proposed Intervenor States satisfy all three requirements, so they are entitled to intervene as a matter of right. In the alternative, the Court should permit Proposed Intervenor States to intervene on a permissive basis under Rule 24(b).

### I.    Proposed Intervenor States' Motion Is Timely.

The motion to intervene is timely. Although there is no hard-and-fast rule to determine whether a motion to intervene is timely, *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986) (collecting cases), courts generally examine four factors in the timeliness inquiry: "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000). Proposed Intervenor States satisfy all four.

*First*, Proposed Intervenor States generally became aware of their interest in this lawsuit shortly after it was filed, on December 30, 2024. In the roughly four months since filing, they have diligently researched the many legal issues the Climate Superfund Act presents. As courts in this district have held, intervening within four months is reasonable, especially when the case has not passed the motion-to-dismiss stage. *See, e.g.*, *Vermonters for a Cleaner Env't v. Madrid*, No. 1:12-

cv-0073, 2012 WL 3238237, at *2 (D. Vt. Aug. 7, 2012) (explaining that a motion to intervene was timely because "[t]his case was filed less than four months ago.").

*Second*, granting the motion to intervene will not prejudice any party. Presumably, if any party thought it would be prejudiced, it would have opposed intervention. The lack of opposition is unsurprising; when cases are still in their "the preliminary stages," as this one is, parties are unlikely to suffer any prejudice from intervention. *Id.*; *Walker v. Teachers Ins. & Annuity Ass'n of Am. Coll. Retirement & Equities Fund*, No.1:09-cv-190, 2011 WL 13077069, at *1 (D. Vt. Aug. 26, 2011). If a new briefing schedule needs to be entered, Proposed Intervenor States, Plaintiffs, and Defendants have already agreed to negotiate such a schedule once this motion is decided.

*Third*, denying the motion to intervene would greatly prejudice the Proposed Intervenor States. As sovereign States, they possess unique interests that are different from those of private parties. Without intervention, these interests will not be adequately protected.

And *fourth*, given that this intervention is a routine motion to intervene in the early stages of litigation, no "unusual circumstance[s] militat[e] in favor of or against intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d at 198.

## II.    This Litigation Threatens to Impair Proposed Intervenors' Protectable Interest.

The motion also satisfies the second intervention factor is because Proposed Intervenor States' sovereign, *parens patriae*, and pecuniary interests are at stake in this litigation. As reflected in the proposed complaint in intervention, a judgment in this case could, as "practical matter," impair those interests. FED. R. CIV. P. 24(a)(2).

For one, the Climate Superfund Law threatens to impair the sovereign interest of the Proposed Intervenor States in the integrity of their own territorial jurisdiction. *See Wy. ex rel. Crank v. United States*, 539 F.3d 1236, 1242 (10th Cir. 2008) (explaining how States have an interest in protecting "the exercise of sovereign power over individuals and entities within the

4

relevant jurisdiction[, which ]involves the power to create and enforce a legal code." (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982))). The Act imposes retroactive liability on fossil-fuel producers for actions taken in their territory that were legal or even encouraged. An attempt to impose extraterritorial liability is akin to a direct challenge to a State's legal authority. As the Supreme Court has explained, "States possess a legitimate interest" in the functioning of their laws, and "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation" that could undermine state law. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 191 (2022) (cleaned up); *see also Alfred L. Snapp & Son, Inc.,* 458 U.S. at 607 (explaining that States have an "interest in not being discriminatorily denied [their] rightful status within the federal system"); *see also, e.g.*, *W. Org. of Res. Councils v. Jewell*, No. 14-cv-1993, 2015 WL 13711094, at *6 (D.D.C. July 15, 2015) (explaining how States have a unique interest, justifying intervention, when a case implicates States' rights in their own lands, their tax systems, regulations, and the like).

For another, the Proposed Intervenor States' interests in protecting their citizenry could also be materially harmed in this litigation. Whether the Climate Superfund Act is a valid act of legislation will determine if billions of dollars flow out of Proposed Intervenor States and into Vermont's coffers. These pecuniary harms will not only damage the Proposed Intervenor States' economies but also harm their citizens in tangible ways. Lost revenue will mean lost jobs and displacement of workers in fossil-fuel industries. To prevent harms that "affect[] the general population of a State in a substantial way," a State has a *parens patriae* interest as a "representative of its citizens." *Maryland v. Louisiana,* 451 U.S. 725, 737 (1981) (collecting cases).

Finally, Proposed Intervenor States have a direct pecuniary interest in this litigation. The Proposed Intervenor States are major consumers of energy. The Act will make energy less affordable by increasing costs to producers that will eventually be passed along to end users. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 93 (2d Cir. 2021); *see also Maryland,* 451 U.S. at 737 ("It is clear that the plaintiff States, as major purchasers of natural gas whose cost has increased as a direct result of Louisiana's imposition of the First-Use Tax, are directly affected in a 'substantial and real' way."). Additionally, Proposed Intervenor States collect significant tax revenues through their severance taxes on fossil fuels leaving the State. For instance, West Virginia collected over $700 million in severance taxes in 2022. *Severance Taxes-Tax Data, Fiscal Years 2015-2022* at 3, W. VA. TAX DIV., https://perma.cc/H749-UZSW. Texas collected around $6 billion. *Severance Taxes: A Story in Volatility in Revenue and Prices*, TEX. COMPTROLLER OF PUB. ACCTS., https://perma.cc/2RHZ-VHDW. These revenue flows would be reduced if Vermont succeeds in imposing billions of dollars of liability on fossil-fuel producers, in turn, reducing their ability to invest capital in improvements necessary to maintain capacity.

### III. Proposed Intervenor States' Interests are Not Adequately Represented by the Current Plaintiffs.

The Supreme "Court has described the" requirement to show inadequate representation "as presenting proposed intervenors with only a minimal challenge." *Berger*, 597 U.S. at 195. The "minimal" burden is clearly met here. *Id.*; *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001) ("[T]he burden to demonstrate inadequacy of representation is generally speaking minimal." (internal quotation marks omitted)). The American Petroleum Institute and Chamber of Commerce will represent their private interests with fervor, but the sovereign States' interests in protecting the public interest within their own borders is a different-in-kind interest. *Cf. Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013).

Some courts have adopted a "presumption of adequate representation in cases where a movant's interests are identical to those of an existing party." *Berger*, 597 U.S. at 196 (citing 7C C. WRIGHT, A. MILLER, & M. KANE, FED. PRAC. & P. § 1909 (3d ed. Supp. 2022)). But when the proposed intervenor's "'interest is similar to, but not identical with, that of one of the parties,' that normally is not enough to trigger a presumption of adequate representation." *Id.* at 197 (quoting Wright & Miller, *supra*, at § 1909). There is a basic divergence in interests between the current plaintiffs and the Proposed Intervenor States. The former seeks to vindicate their private interests—as they should—and the latter seeks to vindicate their sovereign and other public interests. The public interest represented by a State can include the private interests of those within it, but the reverse is not true. *Cf. Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, No. 1:11-cv-99, 2011 WL 2173785, at *2–3 (D. Vt. June 2, 2011). A party representing a private interest does not adequately represent a State's public interest.

## IV.    In the Alternative, the Court Should Grant Permissive Intervention.

For the reasons above, Proposed Intervenor States are entitled to intervene as a matter of right. But even if the Court were to disagree, it should grant permissive intervention. Under Rule 24(b), the Court "may permit anyone to intervene who" files a timely motion and who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Second Circuit has also instructed that "court[s] consider[] substantially the same factors whether the claim for intervention is 'of right' … or 'permissive.'" *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (quoting FED. R. CIV. P. 24(a)(2)). For the reasons discussed above, Proposed Intervenor States' motion is timely, and they will present claims "that share[] with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Although Proposed Intervenor States bring additional claims, that does not detract from the fact that a "common question of law or fact" exists between the two complaints. *Id.* It

would be far more efficient to allow intervention here than to force Proposed Intervenor States to file a complaint in a standalone case. Finally, as explained above, Proposed Intervenor States' status as sovereigns means that this litigation threatens to impair unique protectable interests that the current Plaintiffs do not adequately represent. At a minimum, then, the Court should grant permissive intervention.

## CONCLUSION

The Court should allow Proposed Intervenors to intervene under Federal Rule of Civil Procedure 24.

Respectfully submitted,

<div style="display:flex">
<div>

*/s/ Brady C. Toensing*
Brady C. Toensing
DIGENOVA & TOENSING
1775 Eye Street NW
Suite 1150
Washington, DC 20006
(202) 297-4205
Brady@digtoe.com

*/s/ Michael W. Kirk*
Michael W. Kirk*
Adam P. Laxalt*
Megan M. Wold*
Brian W. Barnes*

Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
mkirk@cooperkirk.com
alaxalt@cooperkirk.com
mwold@cooperkirk.com
bbarnes@cooperkirk.com

</div>
<div>

JOHN B. MCCUSKEY
  ATTORNEY GENERAL OF WEST VIRGINIA

*/s/ Michael R. Williams*
Michael R. Williams*
  *Solicitor General*
Caleb B. David*
  *Deputy Solicitor General*
Spencer J. Davenport*
  *Assistant Solicitor General*

Office of the Attorney General
of West Virginia
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd. E
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvago.gov
caleb.a.david@wvago.gov
spencer.j.davenport@wvago.gov

</div>
</div>

*Counsel for State of West Virginia*

8

STEVE MARSHALL
  ATTORNEY GENERAL OF ALABAMA

*/s/ Robert M. Overing*
Robert M. Overing*
  *Deputy Solicitor General*

Office of the Attorney General
of Alabama
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Robert.Overing@AlabamaAG.gov

*Counsel for State of Alabama*


TIM GRIFFIN
  ATTORNEY GENERAL OF ARKANSAS

*/s/ Autumn Hamit Patterson*
Autumn Hamit Patterson*
  *Solicitor General*

Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-3661
Autumn.Patterson@Arkansasag.Gov

*Counsel for the State of Arkansas*


TREG TAYLOR
  ATTORNEY GENERAL OF ALASKA

*/s/ Thomas Mooney-Myers*
Thomas Mooney-Myers*
  *Assistant Attorney General*

Alaska Department of Law
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
thomas.mooney-myers@alaska.gov

*Counsel for State of Alaska*


JAMES UTHMEIER
  ATTORNEY GENERAL OF FLORIDA

Jeffrey Paul DeSousa*
  *Acting Solicitor General*

*/s/ Christine Pratt*
Christine Pratt (FBN 0100351)*
  *Assistant Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
christine.pratt@myfloridalegal.com

*Counsel for State of Florida*

9

CHRISTOPHER M. CARR
  ATTORNEY GENERAL OF GEORGIA

Stephen J. Petrany
  *Solicitor General*

*/s/ Elijah O'Kelley*
Elijah O'Kelley*
  *Assistant Solicitor General*

Office of the Attorney General of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov

*Counsel for State of Georgia*


RAÚL R. LABRADOR
  ATTORNEY GENERAL OF IDAHO

*/s/ Michael A. Zarian*
Michael A. Zarian #12418ID*
  *Deputy Solicitor General*

Office of the Idaho Attorney General
700 W. Jefferson St., Suite 210,
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
michael.zarian@ag.idaho.gov

*Counsel for the State of Idaho*


THEODORE E. ROKITA
  ATTORNEY GENERAL OF INDIANA

/s/ *James A. Barta*
James A. Barta*
  *Solicitor General*

Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov

*Counsel for State of Indiana*


BRENNA BIRD
  ATTORNEY GENERAL OF IOWA

*/s/ Eric H. Wessan*
Eric H. Wessan*
  *Solicitor General*

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

KRIS W. KOBACH
  ATTORNEY GENERAL OF KANSAS

/s/ Anthony J. Powell
Anthony J. Powell*
  Solicitor General

Office of the Kansas Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel.: (785) 368-8539
Fax: (785) 296-3131
Anthony.Powell@ag.ks.gov

Counsel for State of Kansas

LIZ MURRILL
  ATTORNEY GENERAL OF LOUISIANA

/s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga*
  Solicitor General

Office of the Louisiana Attorney General
1885 N. Third Street
Baton Rouge, LA 70802
(225) 326-6705
AguinagaB@ag.louisiana.gov

Counsel for State of Louisiana

RUSSELL COLEMAN
  ATTORNEY GENERAL OF KENTUCKY

/s/ Victor B. Maddox
Victor B. Maddox (KBA No. 43095)*
Jason P. Woodall (KBA No. 95013)*

Kentucky Office of the Attorney General
310 Whittington Parkway, Suite 101
Louisville, KY  40222
(502) 696-5300
Victor.Maddox@ky.gov
Jason.Woodall@ky.gov

Counsel for Commonwealth of Kentucky

ANDREW BAILEY
  ATTORNEY GENERAL OF MISSOURI

/s/ Joshua M. Divine
Joshua M. Divine*
  Solicitor General

Missouri Attorney General's Office
207 West High St.
Jefferson City, MO 65101
(573) 751-8870
Josh.Divine@ago.mo.gov

Counsel for State of Missouri

AUSTIN KNUDSEN
  ATTORNEY GENERAL OF MONTANA

/s/ Christian B. Corrigan
Christian B. Corrigan*
  Solicitor General
Peter M. Torstensen, Jr.
  Deputy Solicitor General

Montana Department of Justice
215 N. Sanders Street
Helena, Montana 59601
(406) 444-2707
christian.corrigan@mt.gov
peter.torstensen@mt.gov

Counsel for State of Montana


MICHAEL T. HILGERS
  ATTORNEY GENERAL OF NEBRASKA

/s/ Zachary A. Viglianco
Zachary A. Viglianco*
  Acting Solicitor General

Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2683
Fax: (402) 471-3297
zachary.viglianco@nebraska.gov

Counsel for State of Nebraska


DREW H. WRIGLEY
  ATTORNEY GENERAL OF NORTH DAKOTA

/s/ Philip Axt
Philip Axt*
  Solicitor General

600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov

Counsel for the State of North Dakota


DAVE YOST
  ATTORNEY GENERAL OF OHIO

/s/ T. Elliot Gaiser
T. Elliot Gaiser*
  Solicitor General

30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-8980
614-466-5087 fax
thomas.gaiser@ohioago.gov

Counsel for the State of Ohio

GENTNER DRUMMOND
  ATTORNEY GENERAL OF OKLAHOMA

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II*
  Solicitor General

Office of the Attorney General of
Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

Counsel for State of Oklahoma


MARTY J. JACKLEY
  ATTORNEY GENERAL OF SOUTH DAKOTA

/s/ Jonathan Van Patten
Jonathan Van Patten*
  Assistant Attorney General

South Dakota Attorney General's Office
1302 E. Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: 605-773-3215
E-mail: jonathan.vanpatten@state.sd.us

Counsel for State of South Dakota


ALAN WILSON
  ATTORNEY GENERAL OF SOUTH CAROLINA

/s/ J. Emory Smith, Jr.
J. Emory Smith, Jr.*
  Solicitor General

Office of the Attorney General of
South Carolina
Post Office Box 11549
Columbia, South Carolina 29211
(803) 734-3680
esmith@scag.gov

Counsel for State of South Carolina


JONATHAN SKRMETTI
  ATTORNEY GENERAL AND REPORTER OF
  TENNESSEE

/s/ Whitney D. Hermandorfer
Whitney D. Hermandorfer*
  Director of Strategic Litigation

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov

Counsel for State of Tennessee

KEN PAXTON
  ATTORNEY GENERAL OF TEXAS

Brent Webster
*First Assistant Attorney General*

Ralph Molina
*Deputy First Assistant Attorney General*

Ryan D. Walters
*Deputy Attorney General for Legal Strategy*

*/s/ Ryan G. Kercher*
Ryan G. Kercher*
  *Chief, Special Litigation Division*
Texas Bar No. 24060998

Kathleen Hunker*
  *Deputy Chief, Special Litigation Division*
Tex. State Bar No. 24118415

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Ryan.Kercher@oag.texas.gov
Kathleen.hunker@oag.texas.gov

*Counsel for State of Texas*

BRIDGET HILL
  ATTORNEY GENERAL OF WYOMING

*/s/ Ryan Schelhaas*
Ryan Schelhaas*
  *Chief Deputy Attorney General*

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for State of Wyoming*

DEREK E. BROWN
  ATTORNEY GENERAL OF UTAH

*/s/ Gary T. Wight*
Gary T. Wight (Utah Bar No. 10994)*
  *Assistant Attorney General*

1594 West North Temple, Suite 300
Salt Lake City, Utah 84116
(801) 538-7227
gwight@agutah.gov

*Counsel for State of Utah*

14

*motion for pro hac vice admission forthcoming*

Dated: May 1, 2025