# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUN 30  AM 8: 41

CLERK

BY_____
        DEPUTY CLERK

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE, <br>　　Plaintiffs, <br><br>STATE OF WEST VIRGINIA, STATE OF ALABAMA, STATE OF ALASKA, STATE OF ARKANSAS, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF IDAHO, STATE OF INDIANA, STATE OF IOWA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, and STATE OF WYOMING, <br>　　Intervenor-Plaintiffs, <br><br>　　v. <br><br>JULIE MOORE, in her official capacity as the Secretary of the Vermont Agency of Natural Resources and JANE LAZORCHAK, in her official capacity as the Director of the Vermont Agency of Natural Resources Climate Action Office, <br>　　Defendants, <br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION <br>　　Intervenor-Defendants. | No. 2:24-cv-01513 |

## ORDER GRANTING NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION'S MOTION TO INTERVENE[*]
(Doc. 19)

The Northeast Organic Farming Association of Vermont and the Conservation Law Foundation ("Movants") seek permission, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), to intervene in this matter to defend against Plaintiffs' challenge to the constitutionality and legality of legislation enacted in May 2024, known as the "Climate Superfund Act." (Doc. 19.) The Chamber of Commerce of the United States of America and the American Petroleum Institute (collectively "Plaintiffs") oppose this motion and assert that Movants can participate as amici curiae. (Doc. 24.)

Plaintiffs are represented by Jared B. Magnuson, Esq., Jennifer B. Dickey, Esq., Kevin R. Palmer, Esq., Meredith R. Criner, Esq., Michael B. Schon, Esq., Ryan P. Meyers, Esq., Scott A. Keller, Esq., Steven P. Lehotsky, Esq., and Matthew B. Byrne, Esq. Movants are represented by Bridget C. Asay, Esq., Adeline S. Rolnick, Esq., and Mitchell S. Bernard, Esq. The Conservation Law Foundation is also represented by Elena M. Mihaly, Esq.

### I. Background

Plaintiffs filed this action against the Secretary of the Vermont Agency of Natural Resources and the Director of the Vermont Agency of Natural Resources Climate Action Office (collectively "Defendants") on December 30, 2024. (Doc. 1.) Plaintiffs challenge the "Climate Superfund Act," arguing the state does not have the authority to enact such legislation. (*Id.* ¶¶ 2-3); 2024 Vt. Acts & Resolves No. 122. According to Plaintiffs, the "Climate Superfund Act" requires large out-of-state energy producers, termed "responsible parties," to fund Vermont's

---

[*] The motion also includes a request to defer filing a responsive pleading. The deadline for filing will be established in a separately issued scheduling order. As a result, the court does not address that request in this order.

"climate change adaptation projects." (*Id.* ¶ 4.) Plaintiffs argue this legislation is unconstitutional and violates federal law. (*Id.* ¶ 5.) The complaint was served on Defendants on February 26, 2025. (Doc. 7; Doc. 8.) Thirty-three days later, on March 31, 2025, Movants filed a Motion to Intervene. (Doc. 19.) Movants are organizations who allege their members have been harmed by climate change and could benefit from the implementation of the Climate Superfund Act. (Doc. 19-1 at 5.) On May 1, 2025, twenty-four states filed an Unopposed Motion to Intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). (Doc. 27.) The motion was granted on May 2, 2025. (Doc. 29.)

**II. Legal Standard**

Federal Rule of Civil Procedure 24(b)(1)(B) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The trial court enjoys broad discretion in deciding whether to grant a request for permissive intervention. *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984). The Second Circuit has held that "[t]o be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). Courts consider the same factors for both requests to intervene as of right and permissive interventions. *"R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

3

While a failure to meet any one of these four requirements is a sufficient basis to deny a request for permissive intervention, it does not require the denial, as it would with a request to intervene as a matter of right. Instead, in the context of permissive intervention, the four considerations should be viewed with flexibility and discretion, and taken "as a whole rather than focusing narrowly on any one of the criteria." *Garcia v. Berkshire Nursery & Supply Corp.*, 705 F. Supp. 3d 188, 191 (S.D.N.Y. 2023) (citation omitted). "The principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994). Other relevant factors include "the nature and extent of the intervenors' interest," and "whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).

### III. Federal Rule of Civil Procedure 24(b)

### A. Timely Motion

Starting with the requirements of Rule 24(b), the court must first consider whether the motion is timely. "Timeliness defies precise definition, although it certainly is not confined strictly to chronology." *Pitney Bowes, Inc.*, 25 F.3d at 70. Circumstances to consider in determining whether a motion is timely generally include: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.*

4

Here, the motion to intervene was filed thirty-three days after the complaint was served on Plaintiffs. (*See* Doc. 7; Doc. 8; Doc. 19.) Neither responsive pleadings nor substantive motions had been filed prior to the filing of the motion to intervene. The court finds the motion was filed promptly.

Plaintiffs assert allowing the Movants to intervene will cause both delay and prejudice. (Doc. 24 at 14.) Specifically, Plaintiffs assert granting Movants' intervention would delay the briefing schedule which is currently in place and unnecessarily complicate the case. (*Id.* at 15.) The court does not agree. The court notes Plaintiffs have agreed to suspend and ultimately revise the current briefing schedule based on the filing of another action challenging the constitutionality of the same legislation. (Doc. 36.) Additionally, the court notes twenty-four states have intervened as a matter of right in this action since Plaintiffs' filing. (*See* Doc. 31.)

In light of these facts, the court cannot find that any additional arguments raised by Movants will cause an undue delay or result in undue prejudice to Plaintiffs. Movants have indicated their commitment to "avoiding duplication and cooperating with the parties to advance efficiency." (Doc. 25 at 9.) Notably, Plaintiffs argue Movants could participate as amici curiae. (Doc. 24 at 16.) This undermines their argument that additional arguments would unnecessarily complicate the case, as Plaintiffs would still likely need to respond to Movants' legal arguments. (*See* Doc. 25 at 15.) Accordingly, the court cannot find Plaintiffs would be prejudiced if the motion to intervene is granted.

In contrast, the court finds Movants might experience prejudice if they were denied the opportunity to intervene. Movants allege both they and their members have experienced the impacts of climate change and borne the cost of recovering from harms caused by climate change.

They have an interest in seeking to uphold the validity of the legislation they worked to enact. They would be denied the full opportunity to do so if the motion was not granted.

Finally, the court does not find any unusual circumstances militating for or against a finding of timeliness. After balancing all of the factors, specifically the promptness with which the motion was filed as well as the lack of delay Movants' involvement would cause, the court finds Movants' motion is timely.

### B. Common Questions of Law or Fact

Rule 24(b) next requires the movants to have a claim or defense that shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b)(1)(B). *See Floyd*, 770 F.3d at 1057. It is undisputed that the Movants' defense shares common questions of law or fact with the underlying action. "Movants intend to address the fundamental legal questions presented by Plaintiffs, by showing that the ["]Climate Superfund Act["] is constitutional and is not preempted." (Doc. 19-1 at 10.)

### C. Undue Delay or Prejudice

Finally, Rule 24(b)(3) requires the court to consider whether the intervention would unduly delay or prejudice adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). The Second Circuit has held this is the guiding principle in considering requests for permissive intervention. *Pitney Bowes*, 25 F.3d at 73. As previously explained, the court cannot find that intervention would unduly delay or complicate this matter.

### IV. Additional Considerations

Plaintiffs assert that, in deciding whether to grant permissive intervention, the adequate representation of an issue by another party is a required consideration. (*See* Doc. 24 at 7-8.) Plaintiffs are correct that the court must consider this factor, but in the context of a request for

permissive intervention, the court should not focus "narrowly" on this one criterion. *See Garcia*, 705 F. Supp. 3d at 191. Rule 24(b) does not necessitate "a finding that party representation be inadequate" in order to grant permissive intervention. *New York v. United States Dep't of Health & Hum. Servs.*, No. 19 CIV. 4676, 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019) (citation omitted). In fact, under Rule 24(b), the adequacy of party representation is only "a minor factor at most." *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980). "[W]hile existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." *United States Dep't of Health & Hum. Servs.*, 2019 WL 3531960, at *6 (citations omitted).

Here, Defendants consent to the intervention. (Doc. 19 at 1.) While not dispositive, a state's consent to intervention may be seen as an acknowledgement that Movants might "be able to advocate for aspects of the case that are outside of the State's purview, or beyond its area of expertise." *Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 05-CV-302, 2006 WL 8567240, at *5 (D. Vt. May 3, 2006) (citation omitted). In this case, Movants may be better situated to advocate for their members who have personally experienced, and borne the cost of, the impact of floods, droughts, and other climate harms.

The court notes other considerations weigh in favor of permitting intervention. Movants, by representing a cross-section of Vermont citizens who have been allegedly harmed by climate change, bear a unique perspective which will allow for the full development of relevant facts. (Doc. 19-1 at 15); *See Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 106 (E.D.N.Y. 1996) (finding intervenors with different perspective assist in addressing issue raised); *United States Dep't of Health & Hum. Servs.*, 2019 WL 3531960, at *3 (finding individuals

protected by rule have cognizable interest in action concerning that rule). Movants will also have a "viewpoint and knowledge of the underlying circumstances would assist the court during the course of litigation." *335-7 LLC v. City of New York*, No. 20 CIV. 1053, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020); (Doc. 19-1 at 15.)

**V. Order**

For the foregoing reasons, Movant's Motion to Intervene (Doc. 19) is hereby GRANTED.

DATED at Rutland, in the District of Vermont, this 27th day of June 2025.

Mary Kay Lanthier
United States District Judge

8