## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Plaintiffs*,<br><br>v.<br><br>STATE OF VERMONT, et al.,<br><br>   *Defendants*,<br><br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>   *Intervenor-Defendants.* | No. 2:25-cv-00463 |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br><br>   *Plaintiffs*,<br><br>and<br><br>STATE OF WEST VIRGINIA, et al.,<br><br>   *Intervenor-Plaintiffs,*<br><br>v.<br><br>JULIE MOORE, et al.,<br><br>   *Defendants*,<br><br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT AND CONSERVATION LAW FOUNDATION,<br><br>   *Intervenor-Defendants.* | No. 2:24-cv-01513 |

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* BY ECONOMISTS JOSEPH E. STIGLITZ ET AL.

Proposed *amici curiae* economists Joseph E. Stiglitz, Clair Brown, Geoffrey Heal, Don Fullerton, John Isham, Donna Ramirez-Harrington, Menzie Chinn, Teresa Ghilarducci, and Marlene Kim (collectively, "proposed *amici*"), respectfully move before the Honorable Judge

1

Mary Kay Lanthier, United States District Judge at the U.S. District Courthouse, 151 West Street, Room 204, Rutland, VT for an order granting leave to file the attached *amici curiae* brief in the two above-captioned proceedings, Case Nos. 2:25-cv-00463 and 2:24-cv-01513. Counsel for proposed *amici* contacted Plaintiffs, Plaintiff-Intervenors, Defendants, and Defendant-Intervenors in both cases to seek their consent. Counsel representing all parties, in both above-captioned matters, advised counsel for *amici* that they do not oppose the filing of their brief.

In support of this motion, proposed *amici* state the following:

1. District courts, including the District of Vermont, have the authority to grant leave to non-parties to file *amicus* briefs. *See Given v. Rosette*, No. 15-CV-101-JGM, 2015 WL 5177820, at *2 (D. Vt. Sept. 4, 2015) (citing authority derived from Federal Rule of Appellate Procedure 29); *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2015 WL 13979688, at *3 (D. Vt. Sept. 14, 2015) ("While the Local Rules do not provide for the filing of briefs as *amicus curiae*, this court has authorized such filings when the individual or entity seeking to file the brief requests the leave of the court to do so in accordance with Rule 29 of the Federal Rules of Appellate Procedure.").

2. Because all parties have consented to the filing of the proposed *amici curiae* brief, Rule 29 is satisfied on this basis alone. *See* Fed. R. App. P. 29 (permitting *amici curiae* briefs when all parties consent *or* the proposed *amici* obtain leave from the Court); *see also Allen*, 2015 WL 13979688, at *3.

3. Even if they had not received consent from the parties, proposed *amici* would satisfy Rule 29 because they have a clear interest in filing the brief, the brief is desirable, and the matters asserted in the brief are relevant to disposition of the case. *See Allen*, 2015 WL 13979688, at *3 (quoting Fed. R. App. P. 29) (motions for leave, absent consent, must state "(1) the movant's

interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").

4. Proposed *amici* have an adequate interest in this case. Proposed *amici* are preeminent economists who study and teach economic theory, including the ways in which government policies affect markets, development, and well-being. Proposed *amici* believe that legal and policy decisions should be informed by sound economic analysis and evidence. Because this case concerns the economic impacts of the Vermont Climate Superfund Act ("Vermont Act" or "Act") on plaintiffs as well as ordinary citizens, proposed *amici* seek to apprise the Court of the Act's economic consequences so that the Court's legal analysis can be grounded in "commonsense economic realities." *See Diamond Alt. Energy, LLC v. Env't Prot. Agency*, 145 S. Ct. 2121, 2136 (2025) (Kavanaugh, J.).

5. Proposed *amici* include Nobel laureate Joseph E. Stiglitz, PhD. Stiglitz is a University Professor at Columbia University, where he teaches at the Columbia Business School, Graduate School of Arts and Sciences, Department of Economics, and the School of International and Public Affairs. Professor Stiglitz has served as Chairman of the White House Council of Economic Advisers and Chief Economist and Senior Vice President of the World Bank.

6. Proposed *amici* include economists with expertise in the energy industry and environmental policy. Clair Brown, PhD, is Professor of Economics emerita and co-founder of the Climate and Society Center at the University of California, Berkeley, where she directs student researchers in the nonpartisan economic analysis of climate policies, including California's Polluters Pay Climate Superfund Act (SB 684 & AB 1243). Geoffrey Heal, PhD, is a Fellow of the Econometric Society, past Managing Editor of the Review of Economic Studies, and Past President of the Association of Environmental and Resource Economists. Don Fullerton, PhD, is

the Gutgsell Professor of Finance (Emeritus) at the University of Illinois, and has previously served in the U.S. Treasury Department as Deputy Assistant Secretary for Tax Analysis and as a lead author of the 5th Assessment Report of the United Nations Intergovernmental Panel on Climate Change.

7.      Proposed *amici* also include two distinguished economists at universities in Vermont: John Isham, PhD, Professor of Economics and Environmental Studies at Middlebury College, where he teaches classes about microeconomics and environmental policy, and Professor Donna Ramirez-Harrington, PhD, Chair of the Department of Economics at the University of Vermont, whose expertise includes environmental economics and policy, environmental regulation, and environmental innovation.

8.      Finally, proposed *amici* include economists who are experts in economic policy analysis, including Menzie Chinn, PhD, Professor of Public Affairs and Economics in the LaFollette School of Public Affairs and the Department of Economics at the University of Wisconsin, Madison, who has served as Senior Economist for International Finance at the President's Council of Economic Advisers, Visiting Fellow in the Macroeconomic Analysis Division of the Congressional Budget Office, and Visiting Scholar in the International Finance Division of the Federal Reserve Board; Teresa Ghilarducci, the Bernard L. & Irene Schwartz Chair of Economics at The New School for Social Research, where she directs the Schwartz Center for Economic Policy; and Marlene Kim, PhD, Professor of Economics at the University of Massachusetts, Boston.

9.      The proposed *amici curiae* brief is desirable and will assist the court in matters which are relevant to the disposition of the case. The potential economic impacts of the Vermont Act lie at the very heart of this case. The plaintiffs and plaintiff-intervenors allege that payments

4

imposed on fossil fuel producers by the Vermont Act will injure the United States, state governments, and ordinary citizens across the country through a host of economic impacts, including increased energy prices, reduced energy production, and decreased government revenues.

10.    As economists, proposed *amici* offer a unique perspective on these allegations that will assist the Court beyond what lawyers are able to provide. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (granting leave to file *amicus* briefs, on the grounds that briefs are desirable when they provide "a different analytical approach to the legal issues before the court," "employ[] the tools of social science," or convey "instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges").

11.    The proposed *amici curiae* brief employs standard economic principles to provide the Court with a framework to understand how energy companies set prices and production levels, in addition to the ways that government policy can affect those prices and production levels. The brief then applies that framework to the provisions of the Vermont Act, concluding that plaintiffs' and plaintiff-intervenors' allegations about the economic impacts of the Act are implausible. Because the payments imposed by the Vermont Act are based on past conduct and do not affect fossil fuel companies' incentives going forward, the companies and their shareholders will absorb the Act's costs without causing economic harm to consumers or governments.

12.    By providing a technical framework that the Court can use to determine the plausibility of plaintiffs and plaintiff-intervenors' theories of economic harm, the proposed brief will "add value to [the Court's] evaluation of the issues presented." *Prairie Rivers Network*, 976 F.3d at 763. The U.S. Supreme Court has held that courts should incorporate "commonsense

economic principles" into legal analysis. *Diamond Alt. Energy, LLC*, 145 S. Ct. at 2136. In particular, the Court has recognized that these "'commonsense economic principles' can be useful when evaluating Article III standing" where some parties' standing may depend on the plausibility of their economic allegations. *See id.* That is precisely the case here.[1] Proposed *amici* therefore offer the Court an important and relevant analysis that goes beyond what the parties will provide.

13.    Funding for this brief was provided by the Institute for Energy Economics and Financial Analysis ("IEEFA"), a 501(c)(3) non-profit organization serving as a global team of energy finance analysts, communications experts, and management professionals who provide a nonpartisan and evidence-based approach to support sound investment and policy decisions and to challenge misinformation. No counsel for any party authored this brief in whole or in part. No other person or entity, other than IEEFA, the proposed *amici*, or their counsel made a monetary contribution to the preparation or submission of the brief.

For all these reasons, the proposed *amici* request that the Court grant this motion and accept the attached proposed *amici curiae* brief.

Dated: August 21, 2025
      New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        ABADY WARD & MAAZEL LLP

                                        _/s/ Vivake Prasad_
                                        Matthew D. Brinckerhoff*
                                        Jonathan S. Abady*
                                        Vivake Prasad*

---

[1] While proposed *amici* respectfully submit that their economic analysis will aid the Court in deciding dispositive motions, proposed *amici* take no position on the substantive merits of the legal issues present in this case, and do not submit the proposed brief in support of either plaintiffs or defendants. Neither taking a legal position nor supporting a party is required for leave to be granted. *See, e.g.*, *United States v. State of Mich.*, 940 F.2d 143, 164–65 (6th Cir. 1991) ("The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*.") (citation omitted); *Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062,1063 (7th Cir. 1997) (decrying *amicus* briefs that "duplicate the arguments made in the litigants' briefs" and preferring briefs where the *amicus* appears as a "friend of the court, not friend of a party").

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

TARRANT GILLIES AND SHEMS,
LLP

/s/ David K. Mears

David K. Mears
Ron A. Shems
44 East State Street
Montpelier, Vermont 05602
(802) 223-1112


*Counsel for Amici Curiae*
*Joseph E. Stiglitz et al.*