IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>JULIE MOORE, in her official capacity as the Secretary of the Vermont Agency of Natural Resources and JANE LAZORCHAK, in her official capacity as the Director of the Vermont Agency of Natural Resources Climate Action Office,<br><br>*Defendants*. | Civil Action No. 2:24-cv-01513-MKL |

## PLAINTIFFS' RULE 56 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Chamber of Commerce of the United States of America (the "Chamber") and American Petroleum Institute ("API") submit this statement of undisputed material facts pursuant to Local Civil Rule 56(a).

1. Plaintiff the Chamber is the world's largest business federation, representing approximately 300,000 direct members. Durbin Decl. ¶ 6.

2. The Chamber brings lawsuits to challenge the legality of federal and state regulation of business on behalf of its members and the broader business community in the United States. *Id.* ¶¶ 9-10.

3. Among the Chamber's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶ 15.

4. If the Act is not declared invalid and enjoined, the Act will injure Chamber members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc.

*Id.* ¶¶ 16-20; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

5. Such injuries include, for example, the risk of unrecoverable compliance costs. Durbin Decl. ¶¶ 16-20; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

6. Plaintiff API is a national, not-for-profit trade association representing all segments of America's oil and natural gas industry. Meyer Decl. ¶ 4.

7. API brings lawsuits to challenge the legality of federal and state regulation of the oil and natural gas sector. *Id.* ¶ 7.

8. Among API's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶ 15.

9. If the Act is not declared invalid and enjoined, the Act will injure API members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶¶ 16-17; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

10. Such injuries include, for example, the risk of unrecoverable compliance costs. Meyer Decl. ¶¶ 16-17; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

11. Defendant Julie Moore is the Secretary of the Vermont Agency of Natural Resources, and in her capacity as Secretary of the Vermont Agency of Natural Resources, Defendant More is responsible for issuing cost recovery demands to responsible parties under the Act. 10 V.S.A. § 598(g)(1).

12. Defendant Jane Lazorchak is the Director of the Climate Action Office of the Vermont Agency of Natural Resources, and in her capacity as Director of the Climate Action Office of the Vermont Agency of Natural Resources, Defendant Lazorchak is responsible for administering the Act's Climate Superfund Cost Recovery program. *Id.* § 597.

13. On May 6, 2024, the Vermont Legislature enacted the Climate "Superfund" Act, S.259 (Act 122).

14. The Governor allowed the bill to become law without his signature on May 30, 2024. S.259 § 7.

15. The Act was subsequently amended in June 2025, making minor changes to certain deadlines applicable to the Vermont Agency of Natural Resources' obligations to implement the Act and certain stylistic and wording changes. H.231 (Act 047). In statements made after signing the Act, Governor Phil Scott acknowledged that the Act is designed to target "Big Oil." Lehotsky Decl. ¶ 11, Ex. I.

16. In testifying before House Committee on the Judiciary, Amy Gendron, the Deputy Secretary of the Agency of Natural Resources, in discussing how to implement the Act, said, "This is not a question of if we should pursue Big Oil but rather when and how." *Id.* ¶ 12, Ex. J.

17. Richard Heede submitted data to the Vermont Legislature purporting to show that the following producers would be sufficiently large enough to qualify under the Act: Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *See id.* ¶ 13, Ex. K; *see also id.* ¶ 14, Ex. L.

18. The Vermont Agency of Natural Resources intends to rely on Richard Heede's data and research. Defs.' *See, e.g.*, Mot. to Dismiss at 7 & n.11; Lehotsky Decl. ¶ 19, Ex. Q.

19. Michael O'Grady, Legislative Counsel, Office of Legislative Counsel, testified to the Senate Committee for the Judiciary that Vermont could assert jurisdiction under the Act over companies such as "Shell" and "Exxon." *See* Lehotsky Decl. ¶ 15, Ex. M.

20. Anthony Iarrapino, Senior Attorney, Conservation Law Foundation, testified to the House Committee for the Judiciary that "some of the very largest of those that are likely to be responsible parties under this bill based on their amount of emissions" like "Exxon Mobil, Shell Oil," "the AG's office has already asserted jurisdiction over these companies" in litigation. *Id.* ¶ 16, Ex. N; *see also id.* ¶ 17, Ex. O.

21. In his response to Vermont's request for information related to implementing the Act, Richard Heede included a specific list of producers he claims are "highly likely 'responsible parties,'" including "ExxonMobil," "Shell," "BP," and "Chevron," among others. *Id.* ¶ 19, Ex. Q *see also id.* ¶ 18, Ex. P.

22. In *Vermont v. Exxon Mobil Corp.*, No. 21-CV-02778 (Vt. Super. Ct. Sept. 14, 2021), Vermont asserts that Vermont courts have jurisdiction over ExxonMobil and Shell entities, among others. *See Vermont v. Exxon Mobil Corp.*, No. 21-CV-02778 (Vt. Super. Ct. Sept. 14, 2021); *see also* Torrence Decl. ¶ 9; Swarup Decl. ¶ 14; Lehotsky Decl. ¶ 20, Ex. R; *id.* ¶ 21, Ex. S.

23. No fossil fuel extraction or refining occurs in Vermont. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶ 11.

24. No crude oil production has taken place in Vermont. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶ 11.

25. Vermont has no proven oil reserves or oil and gas wells, other than six exploratory wells that yielded no oil. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T.

26. No coal mines or coal-fired power plants exist in Vermont. *See id.* ¶ 9, Ex. G.

27. The last exploratory oil well drilled in Vermont was in 1984. *See id.* ¶ 22, Ex. T.

28. Fossil fuel extraction and refining activities in the United States and worldwide occur exclusively beyond Vermont's borders. *See id.* ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶¶ 11, 14.

Dated: September 15, 2025

Matthew B. Byrne
GRAVEL & SHEA PC
76 St. Paul Street, 7th Floor
Burlington, VT 05402-0369
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

Jennifer B. Dickey*
Kevin R. Palmer*
U.S. Chamber Litigation Center
1615 H Street, NW
Washington, DC 20062
Telephone: (202) 463-5337

*Counsel for Plaintiff the Chamber of Commerce of the United States of America*

Ryan Meyers*
American Petroleum Institute
200 Massachusetts Avenue, NW, Suite 1200
Washington, DC 20001
Telephone: (202) 682-8000

*Counsel for Plaintiff American Petroleum Institute*

Respectfully submitted,

*/s/ Steven P. Lehotsky*

Steven P. Lehotsky*
Scott A. Keller*
Michael B. Schon*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: steve@lkcfirm.com
Email: scott@lkcfirm.com
Email: mike@lkcfirm.com

Jared B. Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: jared@lkcfirm.com

Meredith R. Pottorff*
LEHOTSKY KELLER COHN LLP
8513 Caldbeck Drive
Raleigh, NC 27615
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: meredith@lkcfirm.com

*Counsel for Plaintiffs the Chamber of Commerce of the United States of America and American Petroleum Institute*

**admitted pro hac vice*