**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br>Plaintiffs,<br>and<br><br>STATE OF WEST VIRGINIA et al.,<br>Intervenor-Plaintiffs,<br>v.<br><br>JULIE MOORE et al.<br>Defendants,<br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>Intervenor-Defendants. | Case No. 2:24-cv-01513 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS CHAMBER OF COMMERCE AND AMERICAN PETROLEUM INSTITUTE'S RULE 56 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56(b), Defendants submit the following response to Plaintiffs' Rule 56 Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Summary Judgment. By responding to the facts set forth below, Defendants do not concede that any fact in Plaintiffs' Rule 56 Statement is material to the legal issues raised in their Motion for Summary Judgment. Moreover, because the pending summary judgment motion seeks resolution of the case prior to discovery, Defendants' characterization of any facts as "undisputed" for purposes of the pending motion is not intended as a waiver of Defendant's right to dispute those facts if further proceedings are necessary.

1.      Plaintiff the Chamber is the world's largest business federation, representing approximately 300,000 direct members. Durbin Decl. ¶ 6.

**Response:**    Undisputed.

2.    The Chamber brings lawsuits to challenge the legality of federal and state regulation of business on behalf of its members and the broader business community in the United States. *Id.* ¶¶ 9-10.

**Response:**    Undisputed.

3.    Among the Chamber's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶ 15.

**Response:**    Undisputed.

4.    If the Act is not declared invalid and enjoined, the Act will injure Chamber members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶¶ 16-20; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

> **Response:**    The State does not dispute that the Act may apply to and have some impact on Chamber members Exxon, Shell, Chevron, and/or BP. The cited declarations do not support the statement that the Act "will" apply to or injure Exxon, Shell, Chevron, and BP. Moreover, the State disputes the statement to the extent it is based on inadmissible speculation and asserts a legal conclusion.

5.    Such injuries include, for example, the risk of unrecoverable compliance costs. Durbin Decl. ¶¶ 16-20; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

> **Response:**    Please see the State's response to paragraph 4. Otherwise, the State does not dispute that some Chamber members may have "unrecoverable compliance costs."

6.    Plaintiff API is a national, not-for-profit trade association representing all segments of America's oil and natural gas industry. Meyer Decl. ¶ 4.

**Response:**    Undisputed.

7.      API brings lawsuits to challenge the legality of federal and state regulation of the oil and natural gas sector. *Id.* ¶ 7.

**Response:**    Undisputed.

8.      Among API's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶ 15.

**Response:**    Undisputed.

9.      If the Act is not declared invalid and enjoined, the Act will injure API members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *Id.* ¶¶ 16-17; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

**Response:**    The State does not dispute that the Act may apply to and have some impact on API members Exxon, Shell, Chevron, and/or BP. The cited declarations do not support the statement that the Act "will" apply to or injure Exxon, Shell, Chevron, and BP. Moreover, the State disputes the statement to the extent it is based on inadmissible speculation and asserts a legal conclusion

10.     Such injuries include, for example, the risk of unrecoverable compliance costs. Meyer Decl. ¶¶ 16-17; Torrence Decl. ¶¶ 10-21; Swarup Decl. ¶¶ 17-27; Martini Decl. ¶¶ 11-19; Cochrane Decl. ¶¶ 12-21.

**Response:**    Please see the State's response to paragraph 9.  Otherwise, the State does not dispute that some API members may have "unrecoverable compliance costs."

11.     Defendant Julie Moore is the Secretary of the Vermont Agency of Natural Resources, and in her capacity as Secretary of the Vermont Agency of Natural Resources, Defendant More is responsible for issuing cost recovery demands to responsible parties under the Act. 10 V.S.A. § 598(g)(1).

**Response:**    Undisputed.

12.    Defendant Jane Lazorchak is the Director of the Climate Action Office of the Vermont Agency of Natural Resources, and in her capacity as Director of the Climate Action Office of the Vermont Agency of Natural Resources, Defendant Lazorchak is responsible for administering the Act's Climate Superfund Cost Recovery program. *Id.* § 597.

> **Response:**    Defendant Lazorchak is the Program Manager of the Agency of Natural Resources' Climate Action Office. The State does not dispute that the Climate Action Office is responsible for administering the Act's Climate Superfund Cost Recovery Program. The cited statute does not support that "Defendant Lazorchak" is responsible for administering the program.

13.    On May 6, 2024, the Vermont Legislature enacted the Climate "Superfund" Act, S.259 (Act 122).

> **Response:**    The State disputes this statement. Act 122 was passed by the Legislature on May 10, 2024. *See* Vermont General Assembly, S.259 (Act 122), https://perma.cc/2B78-SRNY.

14.    The Governor allowed the bill to become law without his signature on May 30, 2024. S.259 § 7.

> **Response:**    Undisputed.

15.    The Act was subsequently amended in June 2025, making minor changes to certain deadlines applicable to the Vermont Agency of Natural Resources' obligations to implement the Act and certain stylistic and wording changes. H.231 (Act 047). In statements made after signing the Act, Governor Phil Scott acknowledged that the Act is designed to target "Big Oil." Lehotsky Decl. ¶ 11, Ex. I.

> **Response:**    Act 47 and the Governor's signing statements speak for themselves. The State disputes the characterizations of Act 47 to the extent they are opinion and unsupported by Act 47. The State also disputes the characterizations of Governor Scott's statement as opinion and unsupported.

4

16.     In testifying before House Committee on the Judiciary, Amy Gendron, the Deputy

Secretary of the Agency of Natural Resources, in discussing how to implement the Act, said, "This

is not a question of if we should pursue Big Oil but rather when and how." *Id.* ¶ 12, Ex. J.

> **Response:**     Undisputed that Deputy Secretary Gendron made this statement in
> testimony before the House Committee on the Judiciary.

17.     Richard Heede submitted data to the Vermont Legislature purporting to show that

the following producers would be sufficiently large enough to qualify under the Act: Exxon Mobil

Corporation, Shell USA, Inc., Chevron Corporation, and BP America, Inc. *See id.* ¶ 13, Ex. K; *see*

*also id.* ¶ 14, Ex. L.

> **Response:**     The cited documents speak for themselves. The State does not dispute that
> fossil fuels produced or extracted by each of the listed producers led to the
> release of more than a billion metric tons of carbon dioxide equivalent,
> according to the documents provided in support of this statement. The
> State disputes any characterization of or legal conclusion drawn from the
> cited documents that is inconsistent with their content. For example, the
> State disputes this paragraph insofar as it suggests that "coverage" under
> the Act is based on how "large" a company is by some metric other than
> emissions resulting from its fossil fuel production.

18.     The Vermont Agency of Natural Resources intends to rely on Richard Heede's data

and research. Defs.' *See, e.g.*, Mot. to Dismiss at 7 & n.11; Lehotsky Decl. ¶ 19, Ex. Q.

> **Response:**     Undisputed that the Agency of Natural Resources likely will utilize
> Richard Heede's data and/or research when adopting rules and/or
> determining responsible parties. Disputed to the extent the statement is
> based on speculation, suggests the Agency has already identified all the
> data/research it will utilize, or that the Agency only will rely on Mr.
> Heede's data/research.

19.     Michael O'Grady, Legislative Counsel, Office of Legislative Counsel, testified to

the Senate Committee for the Judiciary that Vermont could assert jurisdiction under the Act over

companies such as "Shell" and "Exxon." *See* Lehotsky Decl. ¶ 15, Ex. M.

> **Response:**     Undisputed.

20.     Anthony Iarrapino, Senior Attorney, Conservation Law Foundation, testified to the House Committee for the Judiciary that "some of the very largest of those that are likely to be responsible parties under this bill based on their amount of emissions" like "Exxon Mobil, Shell Oil," "the AG's office has already asserted jurisdiction over these companies" in litigation. *Id.* ¶ 16, Ex. N; *see also id.* ¶ 17, Ex. O.

**Response:**     Undisputed.

21.     In his response to Vermont's request for information related to implementing the Act, Richard Heede included a specific list of producers he claims are "highly likely 'responsible parties,'" including "ExxonMobil," "Shell," "BP," and "Chevron," among others. *Id.* ¶ 19, Ex. Q *see also id.* ¶ 18, Ex. P.

**Response:**     Undisputed.

22.     In *Vermont v. Exxon Mobil Corp.*, No. 21-CV-02778 (Vt. Super. Ct. Sept. 14, 2021), Vermont asserts that Vermont courts have jurisdiction over ExxonMobil and Shell entities, among others. *See Vermont v. Exxon Mobil Corp.*, No. 21-CV-02778 (Vt. Super. Ct. Sept. 14, 2021); *see also* Torrence Decl. ¶ 9; Swarup Decl. ¶ 14; Lehotsky Decl. ¶ 20, Ex. R; *id.* ¶ 21, Ex. S.

**Response:**     Undisputed.

23.     No fossil fuel extraction or refining occurs in Vermont. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶ 11.

**Response:**     Undisputed.

24.     No crude oil production has taken place in Vermont. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶ 11.

**Response:**     Undisputed.

25.    Vermont has no proven oil reserves or oil and gas wells, other than six exploratory wells that yielded no oil. *See* Lehotsky Decl. ¶ 9, Ex. G; *id.* ¶ 22, Ex. T.

**Response:**    Undisputed.

26.    No coal mines or coal-fired power plants exist in Vermont. *See id.* ¶ 9, Ex. G.

**Response:**    Undisputed.

27.    The last exploratory oil well drilled in Vermont was in 1984. *See id.* ¶ 22, Ex. T.

**Response:**    Undisputed.

28.    Fossil fuel extraction and refining activities in the United States and worldwide occur exclusively beyond Vermont's borders. *See id.* ¶ 9, Ex. G; *id.* ¶ 22, Ex. T; Meyer Decl. ¶¶ 11, 14.

**Response:**    Disputed to the extent the meaning of "activities" is unclear. Otherwise, undisputed to the best of the State's knowledge at this time.

DATED November 17, 2025                    Respectfully submitted,

                                           STATE OF VERMONT

                                           CHARITY R. CLARK
                                           ATTORNEY GENERAL

                          By:    */s/ Jonathan T. Rose*
                                 JONATHAN T. ROSE
                                 *Solicitor General*
                                 LAURA B. MURPHY
                                 *Director, Environmental Protection Unit*
                                 HANNAH W. YINDRA
                                 PATRICK T. GAUDET
                                 *Assistant Attorneys General*
                                 SAMUEL B. STRATTON*
                                 Office of the Attorney General
                                 109 State Street
                                 Montpelier, VT 05609-1001
                                 (802) 828-3186
                                 jonathan.rose@vermont.gov
                                 laura.murphy@vermont.gov

hannah.yindra@vermont.gov
patrick.gaudet@vermont.gov
sam.stratton@vermont.gov

*Vermont Bar Attorney-Applicant
 Admission before this Court pending*