UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br>    Plaintiffs,<br> and<br><br>STATE OF WEST VIRGINIA et al.,<br>    Intervenor-Plaintiffs,<br> v.<br><br>JULIE MOORE et al.,<br>    Defendants,<br> and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>    Intervenor-Defendants. | Case No. 2:24-cv-01513 |

**PLAINTIFF STATES'S RESPONSE TO INTERVENOR-DEFENDANTS' STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**

In addition to filing a Statement of Disputed Material Facts, the Intervenor-Defendants have improperly sought to introduce a "Statement of Additional Undisputed Material Facts" at summary judgment. Local Rule 56(b) allows a party opposing summary judgment to "include a separate and concise statement, in numbered paragraphs, of additional material facts that the opposing party contends cannot be genuinely disputed." D. Vt. L.R. 56(b). Instead of submitting a "separate" statement, however, the Intervenor-Defendants attempted to include their purported addition facts into their Statement of Disputed Material Facts. *See* ECF No. 112-2 at 39–42. Doing so violates the plain text of the local rules and is thus procedurally improper. The Court should

1

disregard these purported facts. Plaintiff States West Virginia, et. al., nonetheless respond below, should the Court be willing to forgive their procedural gamesmanship.

I.  **Vermont Climate Superfund Act**

1. The Vermont State Treasurer has not completed the cost assessment required under the Climate Superfund Act, Vt. Stat. Ann. tit. 10, § 599c. The Treasurer intends to complete the assessment on or around January 15, 2027. Declaration of Sue Minter ¶ 6, ECF No. 110-4 (*Chamber* case), ECF No. 54-4 (*United States* case).

   **Response: Undisputed.**

2. The Vermont Agency of Natural Resources has not completed the proposed or final rulemakings required under the Climate Superfund Act. The Agency intends to complete the rulemakings on or around January 1, 2028. Declaration of Jane Lazorchak ¶ 5, ECF No. 110-3 (*Chamber* case), ECF No. 54-3 (*United States* case). The Agency intends to issue cost recovery demands on or around July 1, 2028. *Id.* ¶ 8.

   **Response: Undisputed.**

II. **The Economic Impact of Cost Recovery Demands**

3. The Act will have no impact on the market price of fossil fuels and will provide no incentive for any company to change its production, sales, investments, or technology. *See* Fullerton Decl. ¶¶ 33, 40-42.

   **Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the Act will alter the market price of fossil fuels and will provide an incentive for companies to change their production, sales, investments, or technology. *See* Zycher Decl. ¶¶ 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir. 2021).

4. Under standard economic models, firms will continue to produce and sell goods (such as fossil fuels) whenever they can earn a profit—that is, so long as the sale price exceeds the cost of producing an additional unit (i.e., the "marginal cost"). Under these models, market price depends on marginal costs and does not depend on fixed costs, which are costs that do not vary with the amount of goods produced. *See id.* ¶¶ 14-20.

**Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the statement is disputed because it implies that the Climate Superfund Act will be treated as a one-time fixed cost. Zycher Decl. ¶¶ 7-11.

5. The Act's cost recovery demands will impose a fixed cost, not a marginal cost, because they are based on greenhouse gas emissions from fossil fuels extracted or refined in the past and do not depend on companies' current or future decisions about how much to produce. *See id.* ¶¶ 15, 18, 30-31.

**Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the relevant actors will not treat the Act as a purely fixed cost. Zycher Decl. ¶¶ 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir. 2021).

6. Because the Act does not affect the marginal cost of production, it will not affect the market price of fossil fuels. *See id.* ¶¶ 15, 18, 30-31. Because it will not affect the market price of fossil fuels, it will not affect the price or quantities of final energy goods produced from fossil fuels, such as electricity or motor fuels. *See id.* ¶¶ 18, 32, 41.

**Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not

a statement of law, because the Act will not be treated as a purely fixed cost, it will alter the market price of fossil fuels and affect the price and quantity of final energy goods. Zycher Decl. ¶¶ 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir. 2021).

7.     Instead, as a one-time retroactive assessment, the Act's cost recovery demands impose a fixed cost that will be absorbed by the companies and would not be passed on to consumers. *See id.* ¶¶ 30-31.

**Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, because the Act will not be treated as a purely fixed cost, it will alter the market price of fossil fuels and affect the price and quantity of final energy goods. Zycher Decl. 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir. 2021). Those effects will be passed on to consumers. *Id.*

8.     The Act is not an "economic regulation," as understood by economists, because it will not change the incentives for companies to produce and sell fossil fuels, will not change the cost of fossil fuels to purchasers, will not change any consumer's use of energy, and will not reduce current or future greenhouse gas emissions. *See id.* ¶¶ 27-32.

**Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, because the Act will not be treated as a purely fixed cost, it will alter the market price of fossil fuels and affect the price and quantity of final energy goods. Zycher Decl. ¶¶ 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir.

2021). These changes will alter the incentives to use traditional fuels and thus reduce current and future greenhouse-gas emissions.

9. Because the Act will not affect the current or future marginal cost of new production, it will not affect a company's estimate of potential profit from future production, and therefore will not affect fossil fuel companies' incentives to invest in new technology or infrastructure. *See id.* ¶¶ 33-34, 42.

> **Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the Act will affect profit from future production and thus affect incentives to invest in new technology. *See* Zycher Decl. ¶¶ 42-57.

10. Because the Act will not affect fossil fuel prices or production or affect consumer demand, it will not affect the future availability of fossil fuels. *See id.* ¶¶ 11, 35, 42.

> **Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, because the Act will not be treated as a purely fixed cost, it will alter the market price of fossil fuels and affect the price and quantity of final energy goods. Zycher Decl. ¶¶ 7-11; *City of New York v. Chevron Corp.*, 993 F.3d 81, 91-93 (2d Cir. 2021).

**III.    U.S. Foreign Policy**

11. The principle that polluters pay for the damage that they cause is well established in international environmental law as reflected in agreements and treaties. *See* Declaration of Harold Koh ("Koh Decl.") ¶¶ 12, 16-17, ECF No. 109-4 (*Chamber* case), ECF No. 53-3 (*United*

5

*States* case). The United States is a party to or signed treaties incorporating the "polluter pays" principle. *See id.* ¶ 17.

> **Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the relevant treaties speak for themselves.

12.     There is no foreign treaty or federal statute that expressly forbids a state from requesting payment from a foreign company based on its past fossil fuel production or refining. *See id*. ¶¶ 12, 19, 31.

> **Response: Disputed.** This is a statement of law, not a statement of fact. Rule 56 does not allow parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not a statement of law, the relevant treaties speak for themselves.

13.     The Act does not interfere with the federal government's ability to meet existing limited international obligations under the Framework Convention or Paris Agreement. *See id.* ¶¶ 20, 27-28. The Act does not interfere with the United States' ability to withdraw from the Paris Agreement. *See id*. ¶¶ 31-33, 35.

> **Response: Disputed.** These statements are statements of law, not statements of fact. Rule 56 does not allow for parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not statements of law, the relevant treaties speak for themselves.

14.     The past two decades of international negotiations created around climate change have focused on governmental and intergovernmental obligations. *See id.* ¶ 34. The negotiations have not addressed questions of corporate liability. *See id.* Because the current administration has announced its intent to withdraw from the Paris Agreement, the United States is not currently

engaged in any ongoing international climate negotiations under the Framework Convention that could be disrupted. *See id.* ¶ 35.

**Response: Disputed.** These statements are statements of law, not statements of fact. Rule 56 does not allow for parties to attempt to stipulate the law. FED. R. CIV. P. 56; D. Vt. L.R. 56. Even if not statements of law, the relevant treaties speak for themselves.

15.   The federal government's prior statements about opposing "liability and compensation for loss and damage" was in reference to provisions that would make the United States government liable to other countries. *See id.* ¶¶ 31-32. Those statements did not opine on the liability of foreign fossil fuel producers or refiners.

**Response: Disputed.** The statements speak for themselves.

Dated: December 15, 2025

Respectfully submitted,

*/s/ Michael W. Kirk*
Michael W. Kirk*
Adam P. Laxalt*
Megan M. Wold*
Bradley L. Larson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
mkirk@cooperkirk.com
alaxalt@cooperkirk.com
mwold@cooperkirk.com
blarson@cooperkirk.com

*Admitted *pro hac vice*

*/s/ Brady C. Toensing*
Brady C. Toensing
DIGENOVA & TOENSING
1775 Eye Street NW
Suite 1150

7

Washington, DC 20006
(202) 297-4245
Brady@digtoe.com

*Counsel for Intervenor States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2025, Plaintiff States's Response to Intervenor-Defendants' Statement of Additional Undisputed Material Facts was served on Defendants' counsel via CM/ECF system that will forward copies to all Counsel of Record.

*/s/ Michael W. Kirk*
Michael W. Kirk

*Attorney for Intervenor States*
