**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| *Plaintiffs*, | |
| v. | |
| STATE OF VERMONT, et al., | |
| *Defendants*, | No. 2:25-cv-00463 |
| and | |
| NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION, | |
| *Intervenor-Defendants.* | |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE, | |
| *Plaintiffs*, | |
| and | |
| STATE OF WEST VIRGINIA, et al., | |
| *Intervenor-Plaintiffs,* | No. 2:24-cv-01513 |
| v. | |
| JULIE MOORE, et al., | |
| *Defendants*, | |
| and | |
| NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION, | |
| *Intervenor-Defendants.* | |

**INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants submit this Notice of Supplemental Authority to inform the Court of two recent developments.

First, the United States Environmental Protection Agency ("EPA") recently adopted a final rule titled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act." 91 Fed. Reg. 7686 (Feb. 18, 2026).[1] EPA's new rule is relevant to the issues in these cases and is inconsistent with positions asserted by the United States in this matter.

In the final rule, the EPA rescinded its prior 2009 determination that greenhouse gases endanger public health and welfare and repealed all greenhouse gas emission standards for vehicles. 91 Fed. Reg. at 7688-89. As the primary basis for these actions, EPA concluded that it lacks statutory authority under the Clean Air Act to regulate greenhouse gas emissions from vehicles. *See id.* at 7710 ("[Clean Air Act] section 202(a) does not authorize the EPA to prescribe standards for [greenhouse gas] emissions based on global climate change concerns."); *see also id.* 7711-18 (explaining EPA's statutory interpretation). EPA's rule does not reflect a mere change in position on whether and how to exercise its discretion to regulate greenhouse gas emissions; instead, EPA has taken the position that Congress did not, in the Clean Air Act, grant the agency authority to regulate greenhouse gas emissions from vehicles at all. *See, e.g., id.* at 7706 ("The conclusion that we lack statutory authority under [Clean Air Act] section 202(a)(1) to regulate [greenhouse gas] emissions in response to global climate change concerns leaves us without discretion to issue revised regulations.") While the final rule does not address EPA's statutory

---

[1] The final rule is available at: https://www.govinfo.gov/content/pkg/FR-2026-02-18/pdf/2026-03157.pdf. Conservation Law Foundation, an Intervenor-Defendant, and Natural Resources Defense Council, which employs counsel of record for Intervenor-Defendants, are plaintiffs in a lawsuit challenging the final rule. *See* Pet. for Review, *Am. Pub. Health Ass'n v. EPA*, No. 26-1037 (D.C. Cir. Feb. 18, 2026).

authority to regulate greenhouse gas emissions from stationary sources (e.g., power plants), the agency has provided no statutory or other basis to treat vehicles and stationary sources differently. And the Clean Air Act does not authorize EPA to regulate greenhouse gas emissions from any sources other than those addressed in the statute. *See* Int.-Defs.' Mot. Dismiss Mem. 29, Dkt. No. 43-1 (Case No. 2:25-cv-463).

The legal errors in EPA's position in the final rule are a subject for a different lawsuit. As relevant here, EPA's position in the final rule—disclaiming the statutory authority to regulate greenhouse gas emissions from vehicles—contradicts its litigating position in this case. In support of its preemption claim here, EPA claims it has broad statutory authority to regulate greenhouse gas emissions—and thereby preempt state action. *See, e.g.*, U.S. Summ. J. Mem. 29, Dkt. No. 50-1 (Case No. 2:25-cv-463) (the Clean Air Act established a "comprehensive program for regulating air pollutants in the United States—including greenhouse gases"); 38 ("EPA is thus responsible for deciding whether and how to regulate [greenhouse gas] emissions on a nationwide basis."). The Chamber Plaintiffs' and State Plaintiffs' Clean Air Act preemption claims rely on similar assertions of comprehensive agency authority over greenhouse gas emissions. Collectively, Plaintiffs' memoranda contain copious references to EPA's authority to regulate greenhouse gases.[2] But EPA has now explicitly disavowed that same statutory authority

---

[2] *See* Chamber Summ. J. Mem. 19, Dkt. No. 100-1 (Case No. 2:24-cv-1513) ("The Clean Air Act comprehensively regulates air pollutants, including greenhouse gases."); *id.* ("Greenhouse gases are 'pollutants' covered by the CAA and are thus subject to regulation by EPA."); *id.* ("The CAA 'delegate[s]' authority to EPA to 'deci[de] whether and how to regulate' greenhouse gas emissions . . . ." (quoting *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 426 (2011)) (alterations in original)); Chamber Opp'n Mot. Dismiss 32, Dkt. No. 101 (Case No. 2:24-cv-1513) (noting that the Clean Air Act "establishes a comprehensive scheme for regulating air pollutants—including greenhouse gases—across the United States"); W. Va. Summ. J. Mem. 44 ("The Clean Air Act [c]reates a [c]omprehensive [s]cheme for [r]egulating [c]arbon [e]missions [n]ationwide."), Dkt. No. 102-1 (Case No. 2:24-cv-1513); *id.* at 46 ("The Clean Air Act is a delicately crafted statute that comprehensively regulates the emission of air pollution between

with regard to one major category of greenhouse gas emissions, while keeping silent on the extent of its authority over other sources covered by the Clean Air Act.

EPA's legal reasoning in the final rule undermines Plaintiffs' Clean Air Act preemption claims, because "[a]bsent the power to act, the [EPA] has no power to preempt." *N.Y. State Telecomms. Ass'n, Inc. v. James*, 101 F.4th 135, 155 (2d Cir. 2024) (cleaned up), *cert. denied*, 145 S. Ct. 984 (2024), *reh'g denied*, 145 S. Ct. 1229 (2025); *see also La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986) ("[A] federal agency may pre-empt state law only when and if it is acting within the scope of its congressionally delegated authority."). It likewise undercuts Plaintiffs' reliance on *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), because the court in that case presumed that Congress had authorized EPA to regulate greenhouse gas emissions under the Clean Air Act. *See, e.g.*, *id.* at 96 (determining that the City's claims "would operate as a *de facto* regulation on greenhouse gas emissions," but "Congress has already spoken directly to that issue by empowering the EPA to regulate those very emissions" (cleaned up)); *id.* at 99 ("The Clean Air Act is a comprehensive statutory scheme that anoints the EPA as the 'primary regulator of [domestic] greenhouse gas emissions.'" (quoting *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428 (2011))).

---

States, which the Supreme Court has determined may include greenhouse gases."); W. Va. Summ. J. Reply 43, Dkt No. 121 (Case No. 2:24-cv-1513) ("The Clean Air Act is a 'comprehensive statutory scheme' that leaves no room for State regulation outside of the statute." (citing *City of New York v. Chevron Corp.*, 993 F.3d 81, 99 (2d Cir. 2021)); Chamber Summ. J. Reply 43, Dkt. No. 123 (Case No. 2:24-cv-1513) (describing the "relevant 'field' that Congress has occupied" with the Clean Air Act as "interstate air pollution"); U.S. Summ. J. Reply 31, Dkt. No. 65 (Case No. 2:25-cv-463) ("[T]he Clean Air Act creates a comprehensive regulatory scheme for interstate emissions and leaves no room for states to regulate out-of-state emissions under their own law."); *id.* at 33 ("The Superfund Act also conflicts with the text, structure, and purpose of the Clean Air Act by undermining its comprehensive framework and EPA's carefully bounded regulatory discretion.").

EPA's inconsistent statements therefore undermine its arguments in this case. For that reason and for the independent reasons stated in Intervenor-Defendants' prior briefs, the Court should dismiss Plaintiffs' Clean Air Act preemption claims.

Second, the Supreme Court granted certiorari in *Suncor Energy, Inc. v. Commissioners of Boulder County*, No. 25-170. Intervenor-Defendants cited the underlying decision in their briefs in this case. Int.-Defs.' Mot. Dismiss Mem. 33 n.33, Dkt. No. 43-1 (Case No. 2:25-cv-463) (citing *Cnty. Comm'rs v. Suncor Energy USA, Inc.*, -- P.3d --, 2025 CO 21, ¶ 57 (Colo. 2025)); Int.-Defs.' Summ. J. Mem. 37 n.31, Dkt. No. 57-1 (Case No. 2:25-cv-463) (same).

Dated: February 27, 2026                      Respectfully submitted,

                                              */s/ Bridget Asay*
                                              Bridget Asay
                                              Michael Donofrio
                                              STRIS & MAHER LLP
                                              15 East State Street, Suite 2
                                              Montpelier, VT 05602
                                              Phone: (802) 858-4285
                                              basay@stris.com

                                              *Counsel for Northeast Organic Farming
                                              Association of Vermont*

                                              */s/ Adeline S. Rolnick*
                                              Adeline S. Rolnick
                                              Natural Resources Defense Council, Inc.
                                              1152 15th Street, Suite 300
                                              Washington, DC 20005
                                              Phone: (202) 513-6240
                                              arolnick@nrdc.org

Mitchell S. Bernard
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming
Association of Vermont and Conservation
Law Foundation*


/s/ Elena M. Mihaly
Elena M. Mihaly
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Phone: (802) 622-3012
emihaly@clf.org

*Counsel for Conservation Law Foundation*