**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

UNITED STATES OF AMERICA and UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY,

        *Plaintiffs*,

    v.

STATE OF VERMONT, et al.,

        *Defendants*,

    and

NORTHEAST ORGANIC FARMING ASSOCIATION
OF VERMONT and CONSERVATION LAW
FOUNDATION,

        *Intervenor-Defendants.*

No. 2:25-cv-00463

---

CHAMBER OF COMMERCE OF THE UNITED
STATES OF AMERICA and AMERICAN PETROLEUM
INSTITUTE,

        *Plaintiffs*,

    and

STATE OF WEST VIRGINIA, et al.,

        *Intervenor-Plaintiffs,*

    v.

JULIE MOORE, et al.,

        *Defendants*,

    and

NORTHEAST ORGANIC FARMING ASSOCIATION
OF VERMONT and CONSERVATION LAW
FOUNDATION,

        *Intervenor-Defendants.*

No. 2:24-cv-01513

**INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants submit this Notice of Supplemental Authority to inform the Court of a recent Supreme Court decision relevant to Plaintiffs' preemption claims. *See Hencely v. Fluor Corp.*, 608 U.S. ---, 2026 WL 1083331 (2026). *Hencely* further undercuts Plaintiffs' preemption and preclusion theories.

In *Hencely*, the Court found that state law tort claims against a military contractor were not preempted, rejecting the defendant's assertion (and the position of the United States, as amicus curiae) that the state law claims were barred by the structure of the federal Constitution. Justice Thomas, writing for the majority, reiterated that "there is no federal preemption *in vacuo*, without a constitutional text or a federal statute to assert it." *Id*. at *4 (cleaned up). Absent an express preemption source, there are only a "few" "rare areas" "so committed by the Constitution and laws of the United States to federal control that state law is preempted." *Id*. (cleaned up). The Court "emphasized the narrowness of this doctrine," which requires both a "uniquely federal interest" *and* "a significant conflict" between that interest and "the operation of state law." *Id*. (cleaned up). The Court found that even if there was a "uniquely federal interest" in regulating overseas military bases, there was no "significant conflict" between that interest and the state law negligence claims at issue. *Id*. at *5.

Appearing as amicus in *Hencely,* the United States argued that the "[Supreme] Court has long held that the Constitution's structure impliedly preempts inconsistent state law." Brief of United States as Amicus Curiae Supporting Respondents at 10, *Hencely*, 2025 WL 2771777, at *10. While acknowledging the federal government's "broad and sweeping war powers," the Court rejected the theory that "the Constitution's structure implicitly preempts any suit against a military contractor operating in a combat zone." *Hencely*, 2026 WL 1083331 at *7 (cleaned up).

1

Plaintiffs' preemption claims in this case fail for the same reasons as the preemption defense in *Hencely*. Like the defendant in *Hencely*, they have failed to point to a specific "constitutional or statutory text," *id*. at *4, supporting their broad preemption theory. Their argument that "the Constitution's structure implicitly preempts" state laws "connected to" interstate pollution "has no basis in the text of the Constitution." *Id*. at *7-*8. And to the extent they raise federal common law preemption, Plaintiffs have failed to establish a "significant conflict" between a "uniquely federal interest" and the Vermont Act. *See id.* at *4; Int.-Defs.' Mot. Dismiss Mem. 34-36, Dkt. No. 84-1 (Case No. 2:24-cv-1513); Int.-Defs.' Summ. J. Mem. 32, 34-35, Dkt. No. 113-1 (Case No. 2:24-cv-1513). Finally, though discussed in the context of federal contractor liability, the Court held that a state law is not preempted merely because there is an alleged "indirect burden on federal activities" such as increased costs to the federal government. *Hencely*, 2026 WL 1083331 at *8.

Dated: April 30, 2026                    Respectfully submitted,

                                         */s/ Bridget Asay*
                                         Bridget Asay
                                         Michael Donofrio
                                         STRIS & MAHER LLP
                                         15 East State Street, Suite 2
                                         Montpelier, VT 05602
                                         Phone: (802) 858-4285
                                         basay@stris.com

                                         *Counsel for Northeast Organic Farming*
                                         *Association of Vermont*

                                         */s/ Adeline S. Rolnick*
                                         Adeline S. Rolnick
                                         Natural Resources Defense Council, Inc.

1152 15th Street, Suite 300
Washington, DC 20005
Phone: (202) 513-6240
arolnick@nrdc.org

Mitchell S. Bernard
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming
Association of Vermont and Conservation
Law Foundation*


*/s/ Jennifer Rushlow*
Jennifer Rushlow
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Phone: (802) 622-3015
jrushlow@clf.org

*Counsel for Conservation Law Foundation*

3