# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br><br>*Plaintiffs*,<br><br>and<br><br>STATE OF WEST VIRGINIA, et al.,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>JULIE MOORE, in her official capacity as the Secretary of the Vermont Agency of Natural Resources, and JANE LAZORCHAK, in her official capacity as the Director of the Vermont Agency of Natural Resources Climate Action Office,<br><br>*Defendants*,<br><br>and<br><br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br><br>*Intervenor-Defendants*. | Civil Action No. 2:24-cv-01513-MKL |

**PLAINTIFFS CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA AND AMERICAN PETROLEUM INSTITUTE'S RESPONSE TO INTERVENOR <u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

*Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026), neither supports Intervenor-Defendants' position nor undermines Plaintiffs' arguments under Counts I and II. As in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), the Court in *Hencely* applied the settled principle that "a few areas, involving uniquely federal interests, are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law." 146 S. Ct. at 1094 (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988)). The state-law claims at issue in *Hencely*, which involved military contracting, did not encroach upon any such uniquely federal interest. By contrast, binding Second Circuit precedent squarely addresses why Vermont's Act intrudes into a field reserved to federal authority and why Plaintiffs are entitled to summary judgment on Count I. *Hencely* has no impact on that precedent. Nor, for that matter, does *Hencely* have any effect on Plaintiffs' statutory preemption arguments under Count II.

In *City of New York*, the Second Circuit applied the same governing framework later invoked by the Supreme Court in *Hencely*. The Second Circuit explained that federal law precludes state law where "a federal rule of decision is necessary to protect uniquely federal interests," which requires both "the . . . existence of a federal interest" and "a conflict between that federal interest and the operation of state law." *City of New York*, 993 F.3d at 90 (quoting *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640 (1981)). Applying that test, the court held that the City's state-law claims—seeking to impose massive monetary liability for harms allegedly caused by global greenhouse gas emissions—impermissibly conflicted with federal interests and therefore could not proceed. *Id.* at 90-92. The Court emphasized that "[f]or over a century, a mostly unbroken string of cases has applied federal law to disputes involving interstate air or water pollution," and under that precedent, the City's "sprawling case" of liability was "simply beyond

1

the limits of state law." *Id.* at 91-92. The Second Circuit's holding controls here—Vermont's attempt to impose financial consequences for the effects of global greenhouse gas emissions is barred by federal law.

*Hencely* rejected the proposition that "a state-law suit premised on a military contractor's activities in a war zone is preempted even when the contractor was not required or authorized to take the action at issue," a holding that has no bearing on this case. 146 S. Ct. at 1093. In *Hencely*, the military had already determined that the defendant violated its contractual obligations to the United States and base-security policies, and no federal policy authorized or directed the defendant's allegedly negligent supervision, much less the suicide bombing that gave rise to the plaintiff's injuries. *Id.* at 1095. Accordingly, the Court concluded that "[e]ven granting that there is a 'uniquely federal interest' in the regulation of military bases overseas, there would be no 'significant conflict' between that interest and state-law negligence liability premised on a contractor's departure from military instructions." *Id.* (quoting *Boyle*, 487 U.S. at 507).

*Hencely* is distinguishable in that both federal legislation and Supreme Court precedent have recognized and permitted tort suits to be brought against military contractors in certain instances, *see id.* at 1095, 1097, so permitting such a suit under state law presented no conflict with federal interests. Here, however, federal law—including federal common law and the Clean Air Act—has never permitted States to impose monetary liability "for the cumulative impact" of greenhouse gases emitted "simultaneously across just about every jurisdiction on the planet." *City of New York*, 993 F.3d at 92; *see id.* at 85 (holding that state law could not be used to hold energy "companies liable for the damages caused by global greenhouse gas emissions" because of "the nature of the harm and the existence of a complex web of federal and international environmental law regulating such emissions"). Thus, Vermont's attempt to impose massive financial liability for

2

emissions originating beyond its borders and around the globe conflicts with the "careful balance" struck by Congress in the Clean Air Act, and the federal government's "important . . . policy choices," *City of New York*, 993 F.3d at 93, including its longstanding opposition to the establishment of liability schemes in foreign affairs, *id.* at 103 n.11.

Intervenor Defendants suggest that *Hencely*'s recognition of the general rule that "[t]here is no federal pre-emption *in vacuo*, without a constitutional text or a federal statute to assert it" undermines Plaintiffs' arguments under Count I. 146 S. Ct. at 1093 (citation omitted) (alteration in original). Not so. Unlike the parties in *Hencely*, Plaintiffs *have* tied Count I to both text and constitutional structure.[1] Specifically, Plaintiffs have argued that there are identifiable textual limits on state authority in the Constitution, including the Due Process Clause of the Fourteenth Amendment, the provisions protecting the States' equal sovereignty (*see*, *e.g.*, U.S. Const. amend. X), and the provisions granting the federal government exclusive authority over foreign affairs (*see*, *e.g.*, U.S. Const. arts. I & II). ECF 100-1 at 14-19; ECF 123 at 21-28. Moreover, the Second Circuit has said that the long-standing rule that a state may not reach beyond its borders to impose monetary liability for interstate and international greenhouse gas emissions is grounded in the United States' "constitutional architecture." *City of New York*, 993 F.3d at 90; *cf. Hencely*, 146 S. Ct. at 1094 (recognizing that "uniquely federal interests" doctrine flows from Constitution itself).

The Supreme Court did *not* hold that the Constitution's structure can never preclude or preempt state law. Rather, it simply held that the Constitution's grant of war powers "does not imply that courts must reject *any* tort claim connected to a war zone." *Hencely*, 146 S. Ct. at 1098

---

[1] Count II asserts that the Clean Air Act preempts Vermont's Act. Thus, not only have Plaintiffs tied Count I to both text and constitutional structure, but they have also separately asserted a statutory theory of preemption in Count II. Neither claim is affected by *Hencely*.

(emphasis added). That is, the Constitution's structure did not support the sweeping rule proffered *in that case*. Indeed, the Supreme Court repeatedly noted the lack of supporting precedent for the rule advanced by the petitioner there. *Id.* at 1091, 1098-99. There is no question, however, that the Constitution's structure can preempt state law, *see, e.g.*, *Osborn v. Bank of U.S.*, 9 Wheat 738, 22 U.S. 738, 865-66 (1824) (Ohio preempted from taxing U.S. Bank by structure of Constitution); *McCulloch v. Maryland*, 4 Wheat 316, 17 U.S. 316, 429-32 (1819) (same for Maryland), and here, the Second Circuit's holding that federal law controls disputes involving interstate pollution is grounded in that constitutional structure and the "basic interests of federalism," *City of New York*, 993 F.3d at 92 (quoting *Illinois v. Milwaukee*, 406 U.S. 91, 105 n.6 (1972)); *see Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 487-88 (1987) (interstate pollution "is a matter of federal, not state, law"); *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 420-21 (2011) (the "basic scheme of the Constitution" requires federal law to govern interstate pollution).

This Court should deny Defendants' motions to dismiss and motions for summary judgment, grant Plaintiffs' motion for partial summary judgment, declare the Act to be precluded by the Constitution and preempted by the Clean Air Act, and enjoin Defendants from implementing the Act in any way against Plaintiffs' members.

Dated: May 11, 2026

Matthew B. Byrne
GRAVEL & SHEA PC
76 St. Paul Street, 7th Floor
Burlington, VT 05402-0369
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

*Counsel for Plaintiffs the Chamber of Commerce of the United States of America and American Petroleum Institute*

Jennifer B. Dickey*
Kevin R. Palmer*
U.S. Chamber Litigation Center
1615 H Street, NW
Washington, DC 20062
Telephone: (202) 463-5337

*Counsel for Plaintiff the Chamber of Commerce of the United States of America*

Ryan Meyers*
American Petroleum Institute
200 Massachusetts Avenue, NW,
  Suite 1200
Washington, DC 20001
Telephone: (202) 682-8000

*Counsel for Plaintiff American Petroleum Institute*

Respectfully submitted,

*/s/ Steven P. Lehotsky*

Steven P. Lehotsky*
Scott A. Keller*
Michael B. Schon*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW,
  Suite 700
Washington, DC 20001
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: steve@lkcfirm.com
Email: scott@lkcfirm.com
Email: mike@lkcfirm.com

Jared B. Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: jared@lkcfirm.com

Meredith R. Pottorff*
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: meredith@lkcfirm.com

*Counsel for Plaintiffs the Chamber of Commerce of the United States of America and American Petroleum Institute*

*admitted pro hac vice

5

**Certificate of Service**

I, Steven P. Lehotsky, certify that on May 11, 2026, the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Steven P. Lehotsky
Steven P. Lehotsky