**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>*Plaintiffs*,<br>v.<br>STATE OF VERMONT, et al.,<br>*Defendants*,<br>and<br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>*Intervenor-Defendants.* | No. 2:25-cv-00463 |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,<br>*Plaintiffs*,<br>and<br>STATE OF WEST VIRGINIA, et al.,<br>*Intervenor-Plaintiffs,*<br>v.<br>JULIE MOORE, et al.,<br>*Defendants*,<br>and<br>NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,<br>*Intervenor-Defendants.* | No. 2:24-cv-01513 |

**INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants submit this Notice of Supplemental Authority to alert the Court of a proposed rule recently issued by the United States Environmental Protection Agency ("EPA")—Rescission of the Greenhouse Gas Findings for Fossil Fuel-Fired Power Plants and Repeal of Regulations for Power Plant Greenhouse Gas Emissions Under Clean Air Act Section 111, 91 Fed. Reg. 59002 (Sept. 17, 2026)—that is relevant to this case.[1]

In the proposed rule, EPA concludes that it "lacks authority under [Clean Air Act] section 111 to regulate power plants in response to global climate change concerns." 91 Fed. Reg. at 59004; *id.* at 59021-32 (explaining statutory interpretation). That conclusion, if finalized, "would require the EPA to . . . repeal all [greenhouse gas] regulations and requirements for power plants under [Clean Air Act] section 111." *Id.* at 59008. This development follows EPA's repeal of all greenhouse gas emission standards for motor vehicles earlier this year, based on analogous reasoning regarding EPA's lack of statutory authority. *See id.* at 59008; ECF No. 75 (Case No. 2:25-cv-463) (Intervenor-Defendants' notice of supplemental authority citing Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act, 91 Fed. Reg. 7686 (Feb. 18, 2026)).

The flaws in EPA's statutory interpretation are the subject of separate litigation.[2] As Intervenor-Defendants previously explained, however, EPA's position in rulemaking—

---

[1] The proposed rule is available at: https://www.govinfo.gov/content/pkg/FR-2026-09-17/pdf/2026-19072.pdf.

[2] Conservation Law Foundation, an Intervenor-Defendant, and Natural Resources Defense Council, which employs counsel of record for Intervenor-Defendants, are plaintiffs in a lawsuit challenging the final rule repealing greenhouse gas emission standards for motor vehicles. *See* Pet. for Review, *Am. Pub. Health Ass'n v. EPA*, No. 26-1037 (D.C. Cir. Feb. 18, 2026). To be clear, Intervenor-Defendants believe EPA *does* have authority to regulate greenhouse gas emissions under the Clean Air Act, and that authority does not preempt Act 122. The point is that EPA's disavowal of authority undermines a major premise of EPA's preemption argument and *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021).

disclaiming statutory authority to regulate greenhouse gas emissions from motor vehicles, and now proposing to do the same for power plants—contradicts its litigating position in this case. Plaintiffs' Clean Air Act preemption arguments are premised on EPA's "comprehensive" authority to regulate greenhouse gas emissions. *See* ECF No. 75 at 2-3 (collecting copious references to this authority in EPA's, Chamber Plaintiffs', and State Plaintiffs' briefs). EPA's sovereign standing argument, too, is premised on its "exclusive regulatory authority" over greenhouse gas emissions, ECF No. 66 at 5 (Case No. 2:25-cv-463)— authority it now proposes it *lacks* over greenhouse gas emissions' effects on global climate change. Moreover, when Intervenor-Defendants first brought this inconsistency to the Court's attention, EPA sought to minimize the import of its disavowal of statutory authority by emphasizing that it "concern[ed] only vehicle emissions under section 202(a)(1)." ECF No. 79 (Case No. 2:25-cv-463). Six months later, EPA's disavowal now encompasses power plants, the largest stationary source of greenhouse gas emissions.

EPA's recent statements reinforce Intervenor-Defendants' prior argument that the agency's inconsistent statements undermine Plaintiffs' preemption arguments in this case. *See* ECF No. 75 at 3. EPA's position also provides yet a further reason to decline Plaintiffs' misguided request to extend the narrow holding in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), to this case. That holding rests in part on the conclusion that Congress, in the Clean Air Act, has "spoken directly" and "empower[ed] the EPA" to regulate greenhouse gas emissions. *Id.* at 96 (cleaned up). The United States cannot advocate for an expansion of *City of New York's* preemption holding while simultaneously disavowing the regulatory authority that underpins it.

Dated: September 23, 2026

Respectfully submitted,

*/s/ Bridget Asay*
Bridget Asay
Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, VT 05602
Phone: (802) 858-4285
basay@stris.com

*Counsel for Northeast Organic Farming Association of Vermont*

*/s/ Adeline S. Rolnick*
Adeline S. Rolnick
Natural Resources Defense Council, Inc.
1152 15th Street, Suite 300
Washington, DC 20005
Phone: (202) 513-6240
arolnick@nrdc.org

Mitchell S. Bernard
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
Phone: (212) 727-4469
mbernard@nrdc.org

*Counsel for Northeast Organic Farming Association of Vermont and Conservation Law Foundation*

*/s/ Elena M. Mihaly*
Elena M. Mihaly
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Phone: (802) 622-3012
emihaly@clf.org

*Counsel for Conservation Law Foundation*