**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA and AMERICAN PETROLEUM INSTITUTE,

*Plaintiffs,*

and

STATE OF WEST VIRGINIA, et al.,

*Intervenor-Plaintiffs,*

v.

JULIE MOORE, in her official capacity as the Secretary of the Vermont Agency of Natural Resources, and JANE LAZORCHAK, in her official capacity as the Director of the Vermont Agency of Natural Resources Climate Action Office,

*Defendants,*

and

NORTHEAST ORGANIC FARMING ASSOCIATION OF VERMONT and CONSERVATION LAW FOUNDATION,

*Intervenor-Defendants.*

Civil Action No. 2:24-cv-01513-MKL

**PLAINTIFFS CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA AND AMERICAN PETROLEUM INSTITUTE'S RESPONSE TO INTERVENOR DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor Defendants' characterization of EPA's proposed rule regarding greenhouse gas emissions from fossil fuel-fired power plants, *Rescission of the Greenhouse Gas Findings for Fossil Fuel-Fired Power Plants and Repeal of Regulations for Power Plant Greenhouse Gas Emissions Under Clean Air Act Section 111*, 91 Fed. Reg. 59,002 (Sept. 17, 2026), is inaccurate. *See* ECF 167. The proposed rule does nothing to undermine Plaintiffs' claims or the Second Circuit's binding precedent in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021).

EPA's proposed rule has no bearing on Plaintiffs' Clean Air Act preemption claim. For one, unless and until it is made final, a proposed rule lacks the force and effect of law. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 313-15 (1979); *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 113 (2d Cir. 2018). Moreover, the crucial point is "that Congress delegated to EPA the decision whether and how to regulate carbon-dioxide emissions from powerplants"—not how EPA exercises that delegation. *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 426 (2011); *see also* 91 Fed. Reg. at 59,014 (same); Order at 58, *West Virginia v. James*, No. 1:25-cv-00168 (N.D.N.Y. Aug. 31, 2026) (same), ECF 318; Order at 17-18, 28, *United States v. New York*, No. 1:25-cv-03656 (S.D.N.Y. Sept. 23, 2026) (same), ECF 117; ECF 167 at 1 n.2 ("Intervenor-Defendants believe EPA *does* have authority to regulate greenhouse gas emissions under the Clean Air Act"). Indeed, EPA expressly acknowledged that the proposed repeal "would not impact the CAA's preemptive effect with respect to the regulation of interstate emissions." 91 Fed. Reg. at 59,043; *see id.* ("The proposed repeals would effectively return stationary source regulation to the pre-2015 status quo the Supreme Court faced in *AEP*."). EPA explained that the Act does not authorize States to regulate out-of-state emissions and that States therefore cannot regulate such emissions "whether through legislation or common-law claims." *Id.* 59,043-44 (citing *City of New York*, 993 F.3d at 91-92, 99-100); *see id.* at 59,043 ("[T]he proposed repeals

would not impact preemption under the CAA and other applicable constraints on State regulation of State common-law claims, statutes, or regulations that seek to regulate out-of-state GHG emissions." (citing *City of New York*, 993 F.3d at 98-100; *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 492 (1987)).

EPA's proposed rule has no bearing on Plaintiffs' claim that Vermont's Act is precluded by the structure of the U.S. Constitution. *See* ECF 100-1 at 8-18; ECF 101 at 22-31; ECF 123 at 16-28. That claim does not depend on the Clean Air Act or on any action EPA takes under it. It rests on the constitutional principle that federal law must govern disputes over interstate and international emissions, because such disputes "implicate two federal interests that are incompatible with the application of state law," *City of New York*, 993 F.3d at 91-92, and constitutional limits on a State's authority to regulate conduct beyond its borders.

In short, EPA's proposed rule adheres—as it must—to Supreme Court precedent and is consistent with Plaintiffs' federal-law preclusion and preemption arguments. It does not change the fact that, under binding Supreme Court and Second Circuit precedent, Vermont may not impose liability for greenhouse gas emissions originating beyond its borders. Indeed, EPA's proposed rule *could not* affect the impact of those binding precedents even if EPA had purported to do so, because the preemptive force of the Clean Air Act is determined exclusively by the courts in accordance with judicial precedent, regardless of any changes in agency rules. *See Loper Bright Ents. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

Dated: September 29, 2026

Respectfully submitted,

/s/ Steven P. Lehotsky

Matthew B. Byrne
GRAVEL & SHEA PC
76 St. Paul Street, 7th Floor
Burlington, VT 05402-0369
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

*Counsel for Plaintiffs the Chamber of Commerce of the United States of America and American Petroleum Institute*

Kevin R. Palmer*
U.S. Chamber Litigation Center
1615 H Street, NW
Washington, DC 20062
Telephone: (202) 463-5337

*Counsel for Plaintiff the Chamber of Commerce of the United States of America*

Ryan Meyers*
American Petroleum Institute
200 Massachusetts Avenue, NW, Suite 1200
Washington, DC 20001
Telephone: (202) 682-8000

*Counsel for Plaintiff American Petroleum Institute*

Steven P. Lehotsky*
Michael B. Schon*
LEHOTSKY COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: steve@lehotskycohn.com
Email: mike@lehotskycohn.com

Jared B. Magnuson*
LEHOTSKY COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: jared@lehotskycohn.com

Meredith R. Pottorff*
LEHOTSKY COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Telephone: (512) 693-8350
Fax: (512) 727-4755
Email: meredith@lehotskycohn.com

*Counsel for Plaintiffs the Chamber of Commerce of the United States of America and American Petroleum Institute*

**admitted pro hac vice*

**Certificate of Service**

I, Steven P. Lehotsky, certify that on September 29, 2026, the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky